Anna M. Gass and George W. Gass, Plaintiffs-Appellees, v. Marilyn Carducci, Defendant, and State Farm Mutual Automobile Insurance Company, a Corporation, Garnishee-Appellant.

Gen. No. 49,424.

First District, Second Division.

October 27, 1964.

394

395

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel), for appellant.

John G. Phillips, of Chicago (John G. Phillips, of counsel), for Anna M. Gass and George W. Gass, plaintiffs-appellees. Orner & Wasserman, of Chicago (Norton Wasserman, of counsel), for Marilyn Carducci, defendant-appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This was a garnishment action filed by Anna M. Gass and George W. Gass as plaintiffs against State Farm Mutual Automobile Insurance Company as garnishee. On motion of plaintiffs, Anna Gass and George Gass, and the original defendant, Marilyn Carducci, the court entered a summary judgment in favor of the plaintiffs and against the garnishee, from which this appeal is taken.

Prior to September 29, 1956, garnishee issued a policy of automobile liability insurance to Marilyn Carducci and her husband. On September 29, 1956, Anna Gass, the mother of Marilyn Carducci, was a passenger in the Carducci automobile; she was seriously injured when thrown from the automobile as Mrs. Carducci attempted a sudden left turn. George Gass and Anna Gass brought an action for the injuries thus sustained and Anna Gass recovered a verdict of $50,000, while George Gass recovered a verdict of $7,000 for loss of services and consortium. Attorneys designated by garnishee defended the action for Mrs. Carducci, but she retained her own counsel when advised to do so by the garnishee's counsel because the ad damnum clause of the complaint exceeded the coverage limits of the liability policy. The garnishee's counsel did however handle the defense of the action. After certain testimony was given by Mrs. Carducci at the personal injury trial, garnishee's attorney gave her an oral reservation of rights under the policy on the grounds of noncooperation, which was subsequently given to her in writing by letter the day before the judgments were

entered on the verdicts. On appeal to this court (Gass v. Carducci, 37 Ill App2d 181, 185 NE2d 285) the judgments were affirmed; a Petition for Leave to Appeal to the Supreme Court was denied.

On May 2, 1963, plaintiffs instituted this garnishment action against State Farm by the filing of an affidavit and the statutory interrogatories to garnishee. Garnishee filed a jury demand and verified answers to the interrogatories denying the indebtedness. Plaintiffs then filed an unverified reply, alleging that garnishee had issued a policy of insurance to Marilyn Carducci against whom judgments had been entered and that garnishee did have in its possession a contract of insurance belonging to the said judgment debtor. Plaintiffs requested an immediate hearing upon the issues presented by the answers to the interrogatories and the reply made by the plaintiffs.

On September 12, 1963, plaintiffs filed a motion for summary judgment. Hearing on the motion was held on September 26, 1963, at which time plaintiffs were allowed to file nunc pro tunc as of July 6, 1963 and upon agreement between counsel for the parties, discovery interrogatories to garnishee, to which verified answers were filed by garnishee on September 5, 1963. These interrogatories asked, among other questions not important here, whether garnishee had issued a policy to and had defended the personal injury suit brought by plaintiffs against Marilyn Carducci, and whether the refusal of the garnishee to pay the judgments was based upon the lack of cooperation of Marilyn Carducci. The verified answers of garnishee recited, among other things, that a policy had been issued, that the garnishee had defended the personal injury suit, and that the garnishee refused to pay the judgments by reason of the breach by Marilyn Carducci of the assistance and cooperation clause of the policy.

The motion for summary judgment was predicated on the ground that the answers to the interrogatories had removed any material or factual issues from the case and that there was, therefore, no triable issue. According to the motion, these answers established as a matter of law that there was no lack of cooperation, and that even had there been noncooperation, the garnishee had not been prejudiced thereby, and had waived any coverage defense founded thereon.

Garnishee filed no counteraffidavits, nor attempted to amend its answers to the interrogatories. The court concluded that there was no triable issue as a matter of law since there was no lack of cooperation as a matter of law. The court entered judgment against garnishee in the sum of $32,000, representing the $7,000 recovered by George Gass for loss of services and consortium and the $25,000 insurance policy "per person" coverage limit constituting one-half of the $50,000 recovered by Anna Gass.

██ Garnishee first maintains that a motion for summary judgment, made under Section 57 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 57), is not available in garnishment proceedings, for the reason that Section 43(a) of the Garnishment Statute (Ill Rev Stats 1963, c 62, § 43(a)) requires an immediate trial of the issues where the judgment creditor contests the truth or sufficiency of the garnishee's answers; that the answers to the statutory interrogatories in the instant case show that there is an issue of fact; and that a trial of the issue must therefore be had. While it is true that Section 43(a) requires a trial where issues of fact arise in a garnishment proceeding, it does not necessarily follow that a trial must be had in all garnishment actions. Proceeding to trial where no issue of fact or genuine issue of material fact is presented would be both wasteful and frivolous. The purpose of a motion for summary judgment is to test whether there is a genuine and material issue of

fact. Kruse v. Streamwood Utilities Corp., 34 Ill App 2d 100, 180 NE2d 731. Further, the Illinois Civil Practice Act (Ill Rev Stats 1963, c 110, § 1) specifically states that its provisions control in all cases at law and in equity, except, among others, in garnishment proceedings where the procedure to be followed is incorporated into the separate statute relating to garnishment actions; where, however, that separate statute is silent concerning a given matter of procedure, then the Civil Practice Act again controls. Ill Rev Stats 1963, c 110, § 1. Nowhere in the Garnishment Statute is there any mention of motions for summary judgment, either allowing or disallowing their use. Ill Rev Stats 1963, c 62, §§ 32–52. It therefore follows that, in a proper case, a motion for summary judgment is available in garnishment proceedings.

 The defense of noncooperation alleged by garnishee as a bar to recovery, and upon which its claim to a trial of the issue is predicated, is contained in the answer to Interrogatory Number 10, which states:

> "The lack of cooperation of Marilyn Carducci is based upon her testimony at the trial differing from her other statements, and her refusal to sign her statement, her refusal at the trial to discuss matters pertaining to the case with her counsel, Corwin D. Querrey, and her insistence through her counsel, John C. Mullen, without regard to liability that State Farm pay its entire policy to her mother."

Interrogatory Number 10 requested garnishee to "detail in each instance of such alleged lack of cooperation" the manner in which Marilyn Carducci allegedly failed to cooperate. Taken together or individually, the instances of noncooperation set out in the answer to the interrogatory present no genuine issue of fact

400

as to lack of cooperation. Garnishee's brief states that the matter of Marilyn Carducci's trial testimony differing from her other statements relates to the fact that she was unable to remember in her earlier statements who closed the door on her mother's side of the car but then testified at the trial that she, Carducci, closed it. The fact that a person suffers a lapse of memory and then subsequently remembers cannot be considered noncooperation. Secondly, Mrs. Carducci's failure to sign statements made to garnishee's counsel, who by the way was Mrs. Carducci's counsel as well, cannot be considered noncooperation; the mutual trust between attorney and client precludes the necessity of a signed statement by the client. Thirdly, garnishee's brief also states that Mrs. Carducci's refusal to discuss matters pertaining to the trial with her counsel related to the trial testimony concerning the closing of the door. It is difficult to see how this refusal could have prejudiced garnishee. See Gass v. Carducci, 37 Ill App2d 181, 185 NE2d 285. Finally, the fact that Mrs. Carducci's personal counsel suggested that garnishee settle the case for $25,000 cannot be considered as noncooperation; settlement of adverse claims without court action is favored by the law and garnishee does not even intimate that this was a figure out of line with the injuries suffered in the accident. Also, garnishee was requested by Interrogatory Number 10, to "detail in each instance" the alleged lack of cooperation; the answer, as it stands, which was signed by garnishee's claims superintendent, does not contain a single concrete instance of lack of cooperation.

■■ Garnishee further argues that the interrogatories and answers thereto of July 6, 1963, are merely part of the discovery process and cannot serve as a basis for a summary judgment. This argument, however, overlooks the fact that Supreme Court Rule 19–11(4) allows the use of interrogatories as evidence in the same manner as depositions of adverse parties.

Further, summary judgment may be based upon depositions. Ill Rev Stats 1963, c 110, § 57(3).

The argument raised by garnishee to the effect that the court should have proceeded to trial immediately upon garnishee's denial of indebtedness and plaintiffs' contest thereof through their reply is unavailing. Plaintiffs shortly thereafter elected to file additional interrogatories which garnishee chose to answer; the filing of the interrogatories and garnishee's answers thereto, nunc pro tunc as of July 6, 1963, was assented to by garnishee's counsel. With this additional evidence the court correctly found that a trial was unnecessary and allowed plaintiffs' motion for summary judgment.

Secondly, garnishee argues that the court was in error by granting a judgment in the principal sum of $32,000, which amount included the $7,000 judgment in favor of George Gass for loss of services and consortium. The policy of insurance limits recovery to $25,000 for damages arising out of bodily injury sustained by one person in any one accident, which includes damages for care and loss of services arising out of bodily injury. Appellees argue that George Gass is entitled to recover the $7,000 in this garnishment action since his claim in the personal injury action is based upon loss of services and consortium and since he falls within the "sustained by one person in any one accident" clause. With this proposition we disagree. Garnishee's contract of insurance covering Marilyn Carducci was a standard automobile liability policy. The term "one person" contained therein has repeatedly been construed by the courts to mean "one person injured" and that it applies to all damages sustained by all persons as the result of injury to one person; they have rejected the contention that the "one person" limit merely deals with the loss suffered by any one person. See 150 ALR

1154. Nor does this construction of "one person" render the "$50,000 for each occurrence" clause a nullity as garnishee suggests; "$50,000 for each occurrence" pertains to a situation where more than one person is directly injured in a single occurrence. The court was in error in allowing the recovery of the $7,000 on behalf of George Gass for loss of services and consortium against garnishee.

Finally, the argument presented by garnishee that the case is improperly entitled and that a judgment rendered under the present title may result in a second recovery against garnishee by Marilyn Carducci is a formal objection only. All interested parties were in court, including Marilyn Carducci, and were represented by counsel; res judicata would preclude an illicit second action such as garnishee anticipates. Cohen v. Schlossberg, 17 Ill App2d 320, 150 NE2d 218.

The judgment for $25,000, with interest thereon from May 4, 1961, in favor of Anna M. Gass and against the garnishee, is affirmed and the judgment for $7,000 in favor of George W. Gass and against the garnishee is reversed.

Judgment affirmed in part and reversed in part.

FRIEND and BRYANT, JJ., concur.

### SUPPLEMENTAL OPINION ON MOTION TO MODIFY AND CLARIFY OPINION

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Appellees filed a motion in this court on November 20, 1964 to modify and clarify an opinion filed by this court on October 27, 1963, General Number 49424. Jurisdiction of this court in this matter is predicated upon Ill Rev Stats 1963, chap 77, §§ 82, 83 and 84, which permits the filing of a motion to vacate or

modify any judgment, order or decree within 30 days of its rendition.

Appellees suggest that the part of the opinion affirming the judgment in favor of Anna M. Gass and reading "The judgment for $25,000, with interest thereon from May 4, 1961, in favor of Anna M. Gass and against the garnishee, is affirmed . . ." be modified to read "The garnishment judgment in favor of Anna M. Gass for $25,000, with interest from May 4, 1961 on the entire judgment of $50,000 against the garnishee's insured, is affirmed . . . ," in accordance with the judgment of the trial court.

The garnishee's contract of insurance reads in part:

". . . As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall: . . . pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; . . ."

The Illinois Supreme Court, interpreting an insurance contract clause consisting of wording identical to the above provision in the case of River Valley Cartage Co., Inc. v. Hawkeye-Security Ins. Co., 17 Ill2d 242, 161 NE2d 101, held that such wording obligated the insurance company to pay interest on the entire judgment rendered against its insured, rather than merely on that part of the judgment for which the insurance company is liable under its limits of liability clause, until such time as the company pays, tenders or deposits into court such part of the judgment which it is obligated to pay under the terms of the contract. The River Valley case is clearly determinative of the question as to the amount of interest

to be paid by the garnishee insurance company herein under the terms of its contract.

Secondly, it has been brought to the court's attention that the garnishee herein tendered the sum of $29,406.23 to the appellees on November 20, 1964. Appellees maintain that this was not a proper tender so as to toll the running of the interest on the judgment, for the reason that appellees "were not informed that a tender would be made which was contrary to law and contrary to the undisputed agreement of the parties in the trial court." Whether there was a proper tender to stop the accrual of interest after November 20, 1964 should be decided by the trial court because the problem arose subsequent to the appeal.

The last paragraph of the opinion is modified to read that the garnishment judgment in favor of Anna M. Gass for $25,000, with interest from May 4, 1961, on the entire judgment of $50,000 against the garnishee's insured, is affirmed and the judgment for $7,000 in favor of George W. Gass and against the garnishee is reversed. The mandate is recalled and withdrawn and a new mandate will issue.