DARRELL CREAMER *et al.*, Plaintiffs-Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—87—0062

Opinion filed September 28, 1987.

Michael J. Warner, of Braud/Warner, Ltd., of Rock Island, for appellants.

James R. Patton and John W. Robertson, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Prior to October 26, 1985, the defendant, the State Farm Mutual Automobile Insurance Company, issued an automobile insurance policy to the plaintiffs, Darrell and Georgia Creamer. On October 26, 1985, the plaintiffs' minor daughter was struck and injured by an uninsured motorist's vehicle. The plaintiffs demanded payment from the defendant for the minor's bodily injury, their loss of consortium and incurred medical expenses.

The defendant tendered the $25,000 uninsured motor vehicle pol-

icy limits for the minor's bodily injury but denied the plaintiffs' claim for additional recovery. The plaintiffs subsequently filed the instant declaratory judgment action against the defendant. In allowing the defendant's motion to dismiss the complaint, the trial court found the plaintiffs' recovery for the minor's bodily injury limited to the amount specified per accident for bodily injury sustained by one person. From that judgment, the plaintiffs appeal.

The plaintiffs argue that they, as parents of the minor insured, are entitled to separate recovery under the policy for loss of consortium and the minor's medical expenses. The plaintiffs suggest that the policy vaguely defines "bodily injury" as a personal injury and, thus, that phrase encompasses their claims. The defendant denies that the policy provided the plaintiffs either additional or stacked uninsured motorist coverage for the minor child's bodily injury. We agree.

The insurance policy provides under "damages for bodily injury" that "an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." Each insured is covered "for all damages due to bodily injury to one person." Liability limits are not increased because more than one person is insured when an accident occurs and shall not exceed the uninsured motor vehicle "coverage with the highest limit of liability." The policy also defines bodily injury as "bodily injury to a person and sickness, disease or death which results from it."

■■ ■ An unambiguous limitation on liability should be fully enforced. (See *McDaniel v. Madison County Mutual Automobile Insurance* (1981), 95 Ill. App. 3d 1092, 420 N.E.2d 1032.) The policy term "one person" has repeatedly been construed as "one person injured," and that construction has been applied to all damages sustained by all persons due to an injury to one person. That policy term has not provided a means to extend an insurer's liability to loss of consortium. (*Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73.) In addition, policy limits for all damages sustained by one person due to one accident have been applied no matter who paid related medical expenses for the insured person. (See *McDaniel v. Madison County Mutual Automobile Insurance* (1981), 95 Ill. App. 3d 1092, 420 N.E.2d 1032.) A claim for reimbursement of those expenses has been considered a claim for damages for bodily injury to the injured person. (95 Ill. App. 3d 1092, 420 N.E.2d 1032.) Loss of consortium is a personal rather than a bodily injury and is generally included and subject to the policy limitations for bodily injury to one person. *Lepic v. Iowa Mutual Insurance Co.* (Iowa 1987), 402 N.W.2d 758.

■■ We find that the defendant insurer clearly defined bodily in-

jury and limited its consequent liability for all damages due to the October 1985 injury to the plaintiffs' minor child. The defendant tendered the $25,000 uninsured motorist policy limits. All the plaintiffs' claims under the policy were encompassed therein, despite the plaintiffs' insured status. The plaintiffs' instant derivative personal claims, therefore, must fail.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.