TERRY CROSS *et al.*, Plaintiffs-Appellees, v. COUNTRY COMPANIES, Defendant-Appellant (Dennis Moehring *et al.*, Defendants-Appellees).

Fourth District   No. 4—89—0384

Opinion filed September 28, 1989.

Frederic L. Kenney, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellant.

Donald K. Birner, of Pekin, for appellees Terry Cross and Jenny Cross.

John R. Gehlbach Law Office, of Lincoln, for appellees Dennis Moehring and Brenda Moehring.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant Country Companies appeals an interlocutory order denying its motion to dismiss. That motion contended that a claim for loss of consortium was not covered by its insurance policy because the per person policy limit had been paid to the plaintiffs as a result of settlement negotiations. The trial court disagreed.

We reverse.

Defendant Country Companies issued a motor vehicle insurance policy to defendant Dennis Moehring, whose wife was involved in an automobile accident with plaintiff Terry Cross when this insurance policy was in effect. The parties involved agreed that the insurance company would pay Terry $50,000 in exchange for a covenant not to sue. The insurance policy limited the company's bodily injury liability to $50,000 per person and $100,000 per occurrence.

Plaintiffs Terry Cross and Jenny Cross filed a complaint for declaratory judgment against all of the defendants, alleging that they are additionally liable for a loss of consortium claim. In response, Country Companies filed a motion to dismiss the complaint for declaratory judgment with prejudice, claiming that the loss of consortium claim was limited by the $50,000-per-person ceiling of the policy. Defendants also argued that this claim was precluded because the insurer had previously paid the plaintiffs $50,000 in settlement.

The trial court denied Country Companies' motion to dismiss, but granted its request under Supreme Court Rule 308(a) (107 Ill. 2d R. 308(a)) to make a finding that its order denying the motion "involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In the exercise of our discretion, we accepted the defendant's appeal from the order denying the motion to dismiss. At issue is whether defendant's insurance company must pay loss of consortium damages

when the "per person" liability limit under the policy had already been paid to the plaintiff who suffered personal injuries in the automobile accident.

The automobile insurance policy in question provides indemnity of up to $50,000 for each person who suffered a bodily injury as a result of an accident with the insured. Specifically, section 1 of the policy states the following:

"If you have paid for coverage under Section 1 ***, we promise to pay all sums in behalf of an insured which the insured becomes legally obligated to pay as damages because of:

1. bodily injury (Coverage A), including death resulting from that bodily injury, sustained by any person;

2. damage to or destruction of property (Coverage B), including loss of use.

The bodily injury or property damage must be caused by an accident resulting from the ownership, maintenance or use of an insured vehicle, including loading and unloading, or of any nonowned vehicle. Under Coverages A and B, damages include required care, loss of services, loss of use and death."

Another section of the policy limits the amount recoverable. However, under "Limits of Liability," paragraph 2(a) of the policy provides:

"The bodily injury liability limit for 'each person' is the maximum amount we will pay for bodily injury sustained by one person in any one accident. That maximum amount includes any claim of other persons for damages arising out of that bodily injury. The figure listed is the most we will pay for any person in any one accident regardless of the number of insureds, claims made, insured vehicles or premiums shown on the declarations page."

A one-page addendum to the policy sets forth the $50,000 "per person" liability limit, as well as the $100,000 "per occurrence" maximum.

The parties cite no case which resolves whether the loss of consortium is a bodily injury. Instead, whether this type of claim is covered depends upon the particular policy language at issue.

In a case involving an insurance policy defining "bodily injury" as "sickness, disease, death or loss of services," one court has concluded that the plaintiff's loss of consortium claim was a separate bodily injury worthy of coverage. (See *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 513 N.E.2d 1168.) However, indemnification for loss of consortium was denied in several other cases in which the policy lan-

guage failed to define loss of consortium as a bodily injury. See *Ravenswood Hospital v. Maryland Casualty Co.* (1917), 280 Ill. 103, 109, 117 N.E. 485, 487-88 (indemnifying for damages on account of bodily injuries or death); *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 224-25, 514 N.E.2d 214, 215 ("bodily injury" includes sickness, disease, or death); *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 402-02a, 202 N.E.2d 73, 76-77 (fails to define bodily injury); *Guetter v. Hooker Glass & Paint Manufacturing Co.* (1964), 50 Ill. App. 2d 164, 171-73, 200 N.E.2d 52, 55-56 (damages include costs for care and loss of services because of bodily injury); *Oda v. Highway Insurance Co.* (1963), 44 Ill. App. 2d 235, 255-56, 194 N.E.2d 489, 500 (bodily injury, sickness, or disease, including death, is covered).

The defendant's automobile insurance policy covers "bodily injury" (coverage A), including death resulting from that "bodily injury," but fails to explicitly define "bodily injury." The policy later explains that under coverage A, "damages include required care, loss of services, loss of use and death." We find that the language describing the damages does not define loss of services as a separate bodily injury but, instead, explains the extent of liability coverage.

■ Furthermore, the "Limits of Liability" section of the policy provides that the maximum "per person" amount includes all claims for damages arising out of that bodily injury by the person injured as well as any other claimant. Similar language in the *Ravenswood Hospital* decision led the court to decide that the plaintiff's loss of consortium claim was not independent of the personal injury claim of his spouse. *Ravenswood Hospital*, 280 Ill. at 109, 117 N.E. at 485 ("damages on account of injury to or death of one person is limited to $5,000 and subject to the same limit for each person").

We find that the policy language of the instant case is similar to that in *Ravenswood Hospital* and conclude that the clear intent of the policy was to limit loss of consortium claims to the personally injured "per person" maximum. Since the defendant's insurance company has paid the plaintiffs the maximum "per person" amount, no further recovery for loss of consortium will be allowed. The trial court's denial of defendant's motion to dismiss is reversed.

For the reasons stated, the judgment of the circuit court is reversed.

Reversed.

McCULLOUGH, P.J., and GREEN, J., concur.