ANITA FILIP, Plaintiff-Appellee, v. THE NORTH RIVER INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)   No. 1—88—1503

Opinion filed June 29, 1990.

Johnson, Cusack & Bell, Ltd., of Chicago (Scott W. Hoyne, of counsel), for appellant.

Milton M. Blumenthal & Associates, of Chicago (Michael L. Blumenthal, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, The North River Insurance Company (North River), appeals from the entry of summary judgment in favor of plaintiff, Anita Filip, named insured on an automobile liability policy issued by North River (the Policy), in an action seeking a declaratory judgment as to North River's obligation under the Policy for plaintiff's claim for loss of consortium due to the physical injuries suffered by her husband, George, also a named insured on the Policy, when he was struck by an uninsured motorist. The sole issue on appeal is whether the loss of consortium suffered by plaintiff constitutes a "bodily injury" within the terms of the Policy. For the following reasons, the judgment of the trial court is affirmed.

The following facts are relevant to this appeal. The Policy provides for maximum uninsured motorist coverage limits of $100,000 per person and $300,000 per accident for bodily injury. George Filip submitted a claim to North River for his physical injuries, and plaintiff submitted a claim for loss of consortium. North River paid George Filip $100,000, the maximum per person liability. However, it denied plaintiff's claim on the ground that its payment to George had fulfilled its obligations under the Policy. Consequently, plaintiff filed a verified complaint for declaratory judgment as to the rights and liabilities of the parties regarding her loss of consortium claim.

North River moved for judgment on the pleadings, arguing that plaintiff was not entitled to recovery because she had not been involved in the accident and had sustained no direct injury. In response, plaintiff filed a countermotion for summary judgment, arguing that pursuant to the Policy's definition of "bodily injury," loss of consortium is covered. The trial court denied North River's motion for judgment on the pleadings and granted plaintiff's motion for summary judgment. In reaching its decision, the trial court stated:

> "[T]he term bodily injury is, in the instant case, defined to mean injury among other things, and *** loss of consortium [is] *** a 'personal injury.' "

North River's timely appeal followed.

■■ ■ It is well accepted that parties to an insurance policy are bound by the agreements that they make (*Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 513 N.E.2d 1168) and definitions contained within the Policy are controlling. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) This is particularly true when an insurance policy defines terms in a manner which differs from the ordinary understanding of the terms. (*Allstate Insurance Co. v. Handegard* (1984), 70 Or. App. 262, 688 P.2d 1387.) In the present case, the Policy broadly defines "Bodily injury" as "injury, sickness, disease or death." "Loss of consortium" has been consistently defined by Illinois courts as an "injury." (*Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 514 N.E.2d 214; *Pease v. Ace Hardware Home Center* (1986), 147 Ill. App. 3d 546, 498 N.E.2d 343; *Brown v. Metzger* (1983), 118 Ill. App. 3d 855, 455 N.E.2d 834.) Therefore, by its own terms, the Policy includes loss of consortium as a compensable bodily injury.

In arguing against this interpretation, North River relies on *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73, *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 514 N.E.2d 214, and *Lepic v. Iowa Mutual Insurance Co.* (Iowa 1987), 402 N.W.2d 758. A review of these cases finds them to be distinguishable and unpersuasive. In *Gass* and *Lepic*, the courts construed the terms "one person" and "each person" as they appeared in the respective policies. In the present case, an entirely different term, *i.e.*, "bodily injury," is at issue. In *Creamer*, the policy defined "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." (*Creamer*, 161 Ill. App. 3d at 224.) Predicated on that definition, the *Creamer* court held that "bodily injury," as defined by the relevant policy, did not include loss of consortium, which was a type of personal injury. In contrast to the policy in

*Creamer*, the Policy in the present case defines "bodily injury" as "injury," thereby broadening the ordinary definition of "bodily injury" to encompass all types of injury, including the personal injury of loss of consortium.

■ North River further argues that section 143a of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a) provides extrinsic evidence as to its intent not to include loss of consortium in its definition of "bodily injury." Section 143a provides, in relevant part:

> "[N]o policy * * * insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued * * * unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *." Ill. Rev. Stat. 1989, ch. 73, par. 755a(2).

■ North River argues that its Policy language "mimics almost exactly the language of" section 143a. North River is correct in stating that its Policy definition "almost" replicates the language of section 143a. However, it is the Policy's deviation from the exact language of section 143a which renders North River's argument unpersuasive. Unlike the Policy, section 143a does not define "bodily injury." Rather, it merely sets forth separate circumstances which will trigger an insurer's liability for damages, *i.e.*, "bodily injury, sickness or disease, including death." Although North River's Policy incorporates the same language, it changes the meaning of section 143a by defining "bodily injury" as "injury, sickness, disease, or death." By doing so, North River demonstrates an intent to broaden the circumstances which trigger liability rather than an intent to "mimic" section 143a.

■ North River further argues that it would be against public policy to hold that loss of consortium is payable under a separate "per person" limit of liability because that decision would effectively double the amount of potential recovery for each automobile accident involving an insured motorist. In addition, North River contends that the word "injury" was intended to reiterate "the type of traumatic physical injury to one's body that insurers and insureds alike understand to be encompassed by the term 'bodily injury.'" However, not only is

this intent not evidenced by the Policy's definition, a contrary intent is evidenced by use of the broader term "injury." As previously stated, parties to an insurance policy are bound by the agreements they make. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872; *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 513 N.E.2d 1168.) If North River desires to limit its liability under the Policy, it has the option of amending the definitions of the terms.

■ Finally, North River argues that by "placing undue emphasis upon the word 'injury', plaintiff has distorted the purpose of the Policy and the intent of the parties." Specifically, North River contends that if "bodily injury" is construed to include all injuries, then "sickness, disease and death" would be redundant. In light of the fact that insurance policies consistently define "bodily injury" as "bodily injury," North River's argument as to the impropriety of redundancy in insurance policies is unpersuasive. (*Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 224, 514 N.E.2d 214 ("bodily injury" defined as "bodily injury to a person"); *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 654, 513 N.E.2d 1168 (" 'Bodily Injury' means bodily injury to any person"); *Campbell v. Farmers Insurance Co.* (1987), 155 Ariz. 102, 745 P.2d 160 ("Bodily injury" is defined as "bodily injury"); *Albin v. State Farm Mutual Automobile Insurance Co.* (La. 1986), 498 So. 2d 171 ("Bodily Injury—means bodily injury to a person"); *Allstate Insurance Co. v. Handegard* (1984), 70 Or. App. 262, 688 P.2d 1387 ("Bodily injury" is defined as "Bodily injury").) As these cases indicate, in order to limit its liability in the present case, North River should have defined "bodily injury" by its own term rather than by a term which broadened its ordinary meaning.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.