CLUB EXCHANGE CORPORATION, Plaintiff-Appellee, v. DAVID J. RICHTER *et al.*, Defendants-Appellees (Sandra J. Rachell *et al.*, Defendants-Appellants).

Fifth District   No. 5—89—0705

Opinion filed October 15, 1991.

Beth Kamp Veath and Kathleen A. Buckley, both of Brown, James & Rabbitt, P.C., of Belleville and St. Louis, Missouri, for appellants.

Robert L. DeVoto, of Wuestling, James & DeVoto, of St. Louis, Missouri, for appellee Club Exchange Corporation.

No brief filed for appellees David J. Richter and Amy Richter.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, Sandra J. Rachell and Richard W. Rachell, appeal from the judgment of the circuit court of St. Clair County denying their motion for summary judgment and granting the cross-motion for summary judgment of plaintiff, Club Exchange Corporation, d/b/a Automobile Club Inter-Insurance Exchange. In this cause, defendants raise the following issues: (1) whether the policy issued by plaintiff is ambiguous in its definition of the term "bodily injury," and (2) whether loss of consortium is a separate compensable injury. This court reverses.

On July 2, 1987, insured, David Richter, was involved in an automobile collision with Sandra Rachell. Richter's insurance policy limited his liability coverage to $100,000 per person, $300,000 per acci-

dent. Mrs. Rachell suffered extensive injuries, and plaintiff settled with her by payment of $100,000—the policy limit on individual injury. Plaintiff then filed its complaint for declaratory judgment alleging that as the loss-of-consortium claim by defendant, Richard Rachell, was not a separate injury, no further coverage applied. Defendants filed a motion for summary judgment arguing that the term "bodily injury" is ambiguously defined in the policy and therefore must be construed against plaintiff. Plaintiff filed a cross-motion for summary judgment arguing that the term is not ambiguous. On September 21, 1989, the circuit court, citing *McDaniel v. Madison County Mutual Automobile Insurance Co.* (1981), 95 Ill. App. 3d 1092, 420 N.E.2d 1032, and *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 514 N.E.2d 214, denied defendants' motion, and granted plaintiff's cross-motion.

On appeal, defendants assert that the policy issued by plaintiff is ambiguous in its definition of the term "bodily injury" and that loss of consortium is a separate compensable injury. Plaintiff responds that its obligation to defendants was extinguished by the payment of the per-person policy limit.

■■ ■ Loss of consortium is a separate injury. Our supreme court has stated:

"[A]n action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society. (See *Brown v. Metzger* (1984), 104 Ill. 2d 30, 38[, 470 N.E.2d 302, 306]; *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 208-09[, 454 N.E.2d 210, 218]." (*Page v. Hibbard* (1987), 119 Ill. 2d 41, 48, 518 N.E.2d 69, 72.)

A loss-of-consortium claim is based on a "transferred negligence" theory. The defendant's duty to act with reasonable care toward the injured party is transferred to the spouse. (*Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 653, 513 N.E.2d 1168, 1171.) A loss-of-consortium claim is derivative in the sense of using the spouse's underlying personal injury claim as the vehicle to establish liability and for purposes of assessing comparative fault. (See *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 572 N.E.2d 920.) The *Blagg* situation, however, does not apply in the case at bar.

The dispute here concerns whether defendant may recover from the insurance company. This question is determined by the language of the policy in question. (*Giardino v. Fierke* (1987), 160 Ill. App. 3d at 653, 513 N.E.2d at 1171-72.) While Mr. Rachell may

state a claim for loss of consortium, the question is whether Richter's insurance covered the alleged injury. Our research has determined that Illinois courts have decided this issue according to policy language.

In the definitions section of this policy, the language reads, " 'Bodily Injury' means injury, sickness, disease or death." Another section titled "Limit of Liability" limits the amount recoverable. It states:

> "The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for 'each accident' for Property Damage Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay regardless of the number of:
>
> 1. Covered persons;
> 2. Claims made[.]"

In *Giardino*, the policy defined bodily injury to specifically include "loss of services" which result from a bodily injury. (160 Ill. App. 3d at 654, 513 N.E.2d at 1172.) The Appellate Court, Second District, concluded that, under the policy before it, loss of consortium is a separate bodily injury and subject to the occurrence, not individual, limitations of the policy. (160 Ill. App. 3d at 655, 513 N.E.2d at 1173.) As the policy before us does not explicitly include "loss of services," *Giardino* does not guide us.

On the other hand, *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 514 N.E.2d 214, cited by the circuit court, defined bodily injury as "bodily injury to a person and sickness, disease or death which results from it." (161 Ill. App. 3d at 224, 514 N.E.2d at 215.) The Appellate Court, Third District, characterized this definition as "unambiguous."

In *Cross v. Country Cos.* (1989), 188 Ill. App. 3d 847, 544 N.E.2d 1246, the policy stated that the damages for bodily injury "include required care, loss of services, loss of use and death." (188 Ill. App. 3d at 849, 544 N.E.2d at 1247.) The limit-of-liability section of the policy, however, stated that the bodily-injury liability limit for each person includes any claim of other persons for damages arising out of that

bodily injury. (188 Ill. App. 3d at 849, 544 N.E.2d at 1247.) The Appellate Court, Fourth District, concluded that the intent of the policy before it was to limit loss-of-consortium claims to the personally injured "per person" maximum. 188 Ill. App. 3d at 850, 544 N.E.2d at 1248.

Most recently, the Appellate Court, First District, First Division, in *Filip v. North River Insurance Co.* (1990), 201 Ill. App. 3d 351, 559 N.E.2d 17, considered a policy which defined "bodily injury" as "injury, sickness, disease or death." Noting that loss of consortium has been defined as an "injury," the court concluded that loss of consortium was included as a compensable bodily injury. *Creamer* was distinguished as follows:

> "In *Creamer*, the policy defined 'bodily injury' as 'bodily injury to a person and sickness, disease or death which results from it.' (*Creamer*, 161 Ill. App. 3d at 224[, 514 N.E.2d at 215].) Predicated on that definition, the *Creamer* court held that 'bodily injury,' as defined by the relevant policy, did not include loss of consortium, which was a type of personal injury. In contrast to the policy in *Creamer*, the Policy in the present case defines 'bodily injury' as 'injury,' thereby broadening the ordinary definition of 'bodily injury' to encompass all types of injury, including the personal injury of loss of consortium." 201 Ill. App. 3d at 353-54, 559 N.E.2d at 19.

We have before us a policy which defines "bodily injury" as "injury, sickness, disease or death" and limits liability as the "maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident." We note the definition of "bodily injury" as identical to the language in *Filip*. Also considering a per-person limit of liability, the court in *Filip* noted:

> "North River further argues that it would be against public policy to hold that loss of consortium is payable under a separate 'per person' limit of liability because that decision would effectively double the amount of potential recovery for each automobile accident involving an insured motorist. In addition, North River contends that the word 'injury' was intended to reiterate 'the type of traumatic physical injury to one's body that insurers and insureds alike understand to be encompassed by the term "bodily injury." ' However, not only is this intent not evidenced by the Policy's definition, a contrary intent is evidenced by use of the broader term 'injury.' " 201 Ill. App. 3d at 354-55, 559 N.E.2d at 19.

Based on the language, analysis, and authorities stated above, we conclude the circuit court erred in denying defendants Rachells' motion for summary judgment and granting plaintiff's cross-motion for summary judgment. We therefore reverse the judgment of the circuit court of St. Clair County and remand with directions to enter judgment in favor of defendants Rachells on their motion for summary judgment.

For the foregoing reasons, the order of the circuit court of St. Clair County is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

LEWIS and HOWERTON, JJ., concur.