GENERAL CASUALTY COMPANY OF ILLINOIS, Plaintiff and Counter-defendant-Appellee, v. DAVID McCOWAN *et al.*, Defendants and Counter-plaintiffs-Appellants (Arnold D. Sternberg, Defendant).

Fifth District   No. 5—90—0115

Opinion filed October 22, 1991.

J.C. Mitchell, of Mitchell & Armstrong, Ltd., of Marion, and Donald R. Brandon, of Herrin, for appellants.

Ted W. Dennis and Jeffery A. Cain, both of Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

David McCowan was involved in an automobile accident between his vehicle and one driven by Arnold Sternberg. David McCowan and his wife, Karla McCowan, brought a two-count complaint against Mr. Sternberg: count I for the personal injuries sustained by David, and count II for loss of consortium for Karla.

While the above action was pending, the General Casualty Company of Illinois (General Casualty), Sternberg's insurer, brought a declaratory judgment action for the purpose of determining the amount of insurance coverage afforded by its automobile liability policy. The McCowans filed a counterclaim in the declaratory judgment action in which they also sought a declaration in the amount of coverage afforded. The policy provides coverages in the amount of $50,000 per "person" and $100,000 per "accident." General Casualty sought a determination that only $50,000 coverage was afforded while the McCowans sought a ruling that $100,000 was available.

The circuit court of Randolph County found in favor of General Casualty and allowed its motion for summary judgment. It denied the counterclaim for summary judgment filed by the McCowans. The McCowans appeal.

The issue presented for this court is whether the loss-of-consortium claim of Karla McCowan is a separate bodily injury claim so as to activate the per-occurrence limit of $100,000 of the General Casualty policy.

The determination of this issue depends upon the language of the policy, as the parties are bound to the agreement they made. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) Several provisions of the policy must be considered. Under the heading, "II—Liability Coverage, Part A," the policy provides:

"We will pay damages for *bodily injury* or property damage for which any **covered person** becomes legally responsible because of an auto accident." (Emphasis added.)

Under another part of the policy, "Part B—Definitions," "bodily injury" is defined: " **'Bodily injury'** means injury, sickness, disease or death." (Emphasis in original.) One final paragraph of the policy that needs to be considered is found under the section labelled, "Limit of Liability":

"The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident."

With these provisions in mind, we examine Illinois cases that have addressed this issue. The first case brought to our attention is *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73, which denied coverage to a husband on a loss-of-consortium damage claim because:

"The term 'one person' contained therein has repeatedly been construed by the courts to mean 'one person injured' and that it applies to all damages sustained by all persons as the result of injury to one person; they have rejected the contention that the 'one person' limit merely deals with the loss suffered by any one person." (*Gass*, 52 Ill. App. 2d at 402, 202 N.E.2d at 77.)

While it is not completely clear from the *Gass* opinion, it is at least suggested that the provision involved in that case included any damages for loss of services that arose out of the bodily injury. That interpretation is found in the following language:

"The policy of insurance limits recovery to $25,000 for damages arising out of bodily injury sustained by one person in any one accident, *which includes damages for care and loss of services arising out of bodily injury.*" (Emphasis added.) (*Gass*, 52 Ill. App. 2d at 402, 202 N.E.2d at 76-77.)

Thus it is at least suggested that loss of services was specifically included in the injuries to one person involved in the policy in *Gass*.

We observe that *Gass* comes to its conclusion that "one person" means "all persons" with very little discussion or analysis. Also, we note that *Gass* cited no Illinois cases, in fact no cases at all, for its broad proposition. Finally, we observe that *Gass* was decided some

years before the supreme court's ruling in *Page v. Hibbard*, which held that

"an action for loss of consortium is not a derivative claim brought by the spouse as the personal representative of the employee, but is an independent action to recover for injuries the spouse has suffered, such as loss of support and loss of society." (*Page v. Hibbard* (1987), 119 Ill. 2d 41, 48, 518 N.E.2d 69, 72.)

In view of the foregoing, we hold that *Gass* is not controlling on the issue of whether or not a loss-of-consortium claim is subject to the limitation of one person in all situations.

General Casualty relies upon *Cross v. Country Cos.* (1989), 188 Ill. App. 3d 847, 544 N.E.2d 1246, and *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 514 N.E.2d 214. The policy involved in *Cross* apparently included loss of services, not as a separate bodily injury, but instead as an explanation of the extent of the liability coverage. The *Creamer* decision has been distinguished by the recent first district case of *Filip v. North River Insurance Co.* (1990), 201 Ill. App. 3d 351, 559 N.E.2d 17, because in *Creamer* the policy defined " 'bodily injury' " as " 'bodily injury to a person and sickness, disease or death which results from it.' " (*Filip,* 201 Ill. App. 3d at 353, 559 N.E.2d at 19, quoting *Creamer,* 161 Ill. App. 3d at 224.) The *Filip* court pointed out that "[i]n contrast to the policy in *Creamer,* the Policy in the present case defines 'bodily injury' as 'injury,' thereby broadening the ordinary definition of 'bodily injury' to encompass all types of injury, including the personal injury of loss of consortium." (201 Ill. App. 3d at 353-54.) The policy language involved in our case is closer to that involved in *Filip* than that involved in *Creamer.*

■ With this in mind, we now turn to the recent supreme court decision of *Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 572 N.E.2d 920, which addressed the issue of whether a spouse's loss-of-consortium claim is derivative or an independent cause of action. One of the issues before the supreme court in *Blagg* was whether the wife's loss-of-consortium award should be reduced by the comparative fault of William in causing his own injuries, and the court held that for the purposes of comparative negligence, a loss-of-consortium claim is derivative. While *Blagg* holds that a loss-of-consortium award may be reduced by the comparative negligence of the injured spouse, this is not to say that a loss-of-consortium action is wholly derivative. To the contrary, *Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210, *Brown v. Metzger*

(1984), 104 Ill. 2d 30, 470 N.E.2d 302, and *Page v. Hibbard* (1987), 119 Ill. 2d 41, 518 N.E.2d 69, recognize the fact that the noninjured spouse has a separate and distinct loss-of-consortium claim.

■■ The issue here regarding coverage afforded under the insurance policy provisions is not whether Karla's award is to be reduced by the comparative fault of David, but whether Karla has a separate and distinct claim for which the policy in question extends coverage. We hold that the loss-of-consortium claim in the instant case is independent of the primary claim to the extent that loss of consortium is a separate bodily injury under the policy.

We conclude, therefore, that the policy involved in this case provides separate coverage for the loss of consortium as a compensable bodily injury and that the trial court erred in entering summary judgment in favor of General Casualty. We hereby reverse the trial court's decision and remand this cause to the trial court with instructions to enter summary judgment in favor of the McCowans and against General Casualty.

Reversed and remanded with directions.

RARICK, P.J., and GOLDENHERSH, J., concur.