**UNITED NATIONAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**DUNBAR & SULLIVAN DREDGING COMPANY, Defendant–Appellee.**

**Wausau Underwriters Insurance Company, Intervenor–Appellee.**

No. 90–3241.

United States Court of Appeals, Seventh Circuit.

Argued May 15, 1991.

Decided Jan. 17, 1992.

---

David E. Stevenson (argued), Daniel K. Cray, Williams & Montgomery, Chicago, Ill., for plaintiff-appellant.

Richard R. Winter, Edward M. Kay, James T. Ferrini, Robert N. Dunn, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendant-appellee.

Donald G. Peterson (argued), Sava A. Vojcanin, Michael A. Strom, Schaffenegger, Watson & Peterson, Chicago, Ill., for intervenor-appellee.

Before BAUER, Chief Judge, COFFEY and FLAUM, Circuit Judges.

BAUER, Chief Judge.

This case began when several employees of the Dunbar & Sullivan Dredging Company ("Dunbar") sued the United States in five separate suits for damages under the provisions of the Federal Tort Claims Act,

28 U.S.C. §§ 2671–80 (1988).[1] The plaintiffs in these suits were injured in a construction project undertaken by the United States Department of Army, Corps of Engineers (the "Corps"). Pursuant to a contract dated July 16, 1986, Dunbar agreed to provide construction services to the Corps. In each suit, the United States filed a third-party complaint or cross-claim against Dunbar, seeking indemnity or contribution on the basis of the "Responsibilities Clause" in their federal contract. Specifically, the relevant section of the contract between the Corps and Dunbar reads:

> 48. Permits and Responsibilities
> The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work. The contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence, and shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others. The Contractor shall also be responsible for all materials delivered and work performed until completion and acceptance of the entire work, except for any completed unit of work which may have been accepted under the contract.

*See United National Insurance Company v. Dunbar & Sullivan Dredging Company,* 1990 WL 139269 at *1 n. 2 (N.D.Ill. Sept. 17, 1990).

The United National Insurance Company ("UNIC"), Dunbar's insurer, filed suit in the district court in order to obtain a declaratory judgment that its general liability policy with Dunbar did not give rise to either a duty to defend Dunbar in the five suits or a duty to indemnify Dunbar for any losses that might result from judgment in or settlement of those suits. Finally, UNIC sought a judgment that would order Dunbar to reimburse it for the amount already paid in settling one of the suits, and for costs and expenses incurred in defending the others. Wausau Underwriters Insurance Company ("Wausau"), an insurer of Dunbar under a Worker's Compensation and Employer's Liability Policy, intervened as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

On March 2, 1990, UNIC brought a motion for judgment on the pleadings. UNIC asserted that it had no duty to defend under the policy because the claims alleged against Dunbar by the United States in the underlying lawsuits are excluded from coverage. Five months later, on September 14, 1990, the district court denied UNIC's motion for judgment on the pleadings. The district court determined that UNIC has a duty to defend the claims against Dunbar in the three remaining cases. (Of the five underlying lawsuits, *Karales* was dismissed voluntarily with prejudice, and UNIC paid $27,910.62 to settle *Guendling.*) In addition, the district court refused to rule on whether UNIC owes a duty to indemnify Dunbar should UNIC become legally obligated to pay under the terms of the policy. The district court reasoned that, because the duty to indemnify turns upon the facts of the underlying suits, when those facts are still in dispute, any declaratory judgment determining UNIC's obligation to indemnify would be premature. When UNIC's motion to reconsider was denied by the district court, UNIC appealed.

On appeal, UNIC claims that the district court made two errors: that the court erred in holding that UNIC owes a duty to defend Dunbar under the policy for the underlying lawsuits; and that the court erred in refusing to determine whether UNIC owes an obligation to indemnify Dunbar for the settlement of the *Guendling* suit. UNIC argues that none of the claims alleged by the United States against Dunbar in the underlying suits falls within the scope of coverage provided by the poli-

---

**1.** The five suits include: (1) *Guendling v. United States,* Case No. 88 C 7297; (2) *Jenco v. United States,* Case No. 88 C 5091, 1989 WL 122428; (3) *Karales v. United States,* Case No. 88 C 7161; (4) *Miller v. United States,* Case No. 89 C 5398, 1990 WL 43321; and (5) *Fulton v. United States,* 772 F.Supp. 1074 (N.D.Ill.1991).

cy. And if there is no duty to defend, UNIC contends, then UNIC could not have a duty to indemnify Dunbar for any amount paid in settlement. We are not persuaded. The district court properly determined that UNIC is obligated to defend Dunbar in the underlying suits. Also quite appropriately, the district court held that, if UNIC must defend, then only the established facts of each case will determine if UNIC must indemnify.

■ At the outset, we observe that the parties do not dispute the district court's conclusion that Illinois law applies to this action. With that understood, it is clear that our review of the district court's interpretation of the insurance contract between UNIC and Dunbar is *de novo.* "The general rule in Illinois is that the construction of an insurance policy contract is a question of law." *FSC Paper Corp. v. Sun Ins. Co.,* 744 F.2d 1279, 1286 (7th Cir.1984) (Coffey, J., dissenting) (collecting cases). Thus, we examine the relevant sections of the policy to determine the scope of UNIC's duties.

■ Dunbar entered into a "Broad Form Comprehensive General Liability" contract with UNIC, effective April 1, 1986, through April 1, 1987. The policy basically provided, subject to certain terms and conditions, that UNIC will pay "on behalf of the insured all sums that the insured shall become legally obligated to pay as damages because of (a) bodily injury or (b) property damage to which [the] insurance applies, caused by an occurrence." *See* Appellant's Joint Appendix at A–170.

Nevertheless, UNIC cites two explicit contractual exclusions that it alleges preclude coverage of Dunbar for the five underlying claims. Exclusions (a) and (j) of the policy, respectively, provide that the insurance does not apply either "to liability assumed by the insured under any contract or agreement except in incidental contract; ..." or

to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising

out of such injury [except for] liability assumed by the insured under an incidental contract.

Appellant's Brief at 5, 12. A "Broad Form Comprehensive General Liability" endorsement to the policy states that "[t]he definition of incidental contract is extended to include any contract or agreement relating to the conduct of the named insured's business." *See United National Insurance Co.,* 1990 WL 139269 at *2. Thus, the critical issue for determining UNIC's contractual duties is whether the contract between Dunbar and the Corps was related to the conduct of Dunbar's business.

Dunbar is a construction firm. In its contract with the Corps, Dunbar agreed to provide construction services for the repair and remodeling of the Brandon locks and dam located in Joliet, Illinois. There can be no question, then, that the agreement between Dunbar and the Corps is an "incidental contract." By the plain language of the policy, the claims of the United States against Dunbar fall within the coverage of the policy. Exclusion (j) does not apply because the exception to the Exclusion embraces "liability assumed by the insured under an incidental contract."

UNIC responds by reiterating the arguments it presented to the district court. The insurance company maintains that the exception found in Exclusion (j) is not applicable because the federal contract between Dunbar and the Corps does not require Dunbar to assume the liability of the United States. In other words, UNIC focuses on the meaning of the words "liability assumed" found in the exception clause of Exclusion (j). UNIC interprets "liability assumed" to mean that Dunbar must assume the liability of the United States under the incidental contract in order to avoid the preclusive impact of Exclusion (j). Even though the "Responsibilities Clause" of the contract between Dunbar and the Corps states, "The contractor shall ... be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence," UNIC maintains that "a contract of indemnity is not a contract under which one party merely

agrees to be liable for its own negligence." *See* Appellant's Brief at 16. Apparently, UNIC maintains that Dunbar did *not* truly "assume liability" since the "Responsibilities Clause" imposed no liability on Dunbar that it did not otherwise have by common law or the Illinois contribution statute. *Id.* at 15.

We do not subscribe to UNIC's partisan interpretation of the words "liability assumed." The UNIC policy does not define these terms specifically, nor does UNIC provide any compelling case law to support its definition. *See Webb v. Voirol,* 773 F.2d 208, 212 (8th Cir.1985) ("unambiguous language in an insurance contract must be given its plain meaning, ... resort to judicial construction is had only when an ambiguity exists."). *Cf. Filip v. North River Ins. Co.,* 201 Ill.App.3d 351, 147 Ill.Dec. 17, 18, 559 N.E.2d 17, 18 (1990) ("It is well accepted that ... definitions contained within the Policy are controlling. This is particularly true when an insurance policy defines terms in a manner which differs from the ordinary understanding of the terms."), *quoted in Alpine State Bank v. Ohio Cas. Ins. Co.,* 941 F.2d 554, 560 (7th Cir.1991). But even more fundamentally, as the district court pointed out, UNIC's argument misses the point regarding the position of the parties in the underlying suits. In its third-party complaints, the United States seeks indemnity and contribution from Dunbar only for those damages attributable to Dunbar's conduct. *United National Insurance Co.,* 1990 WL 139269 at *2. It is well-settled that the United States cannot seek indemnity for damages attributable to its own negligence. *See United States v. Seckinger,* 397 U.S. 203, 215, 90 S.Ct. 880, 887, 25 L.Ed.2d 224 (1970) (nearly identical "Responsibilities Clause" interpreted to require petitioner to indemnify the United States in a Federal Torts Claims Act case only to extent that petitioner's negligence, if any, contributed to the injuries of the employee). *See Fentress v. United States,* 431 F.2d 824, 829–30 (7th Cir.1970). *See also Barron v. United States,* 654 F.2d 644, 648 (9th Cir. 1981). We refuse to deviate from the common-sense meaning of the phrase "liability assumed." The claims of the United States, then, fall within the scope of Dunbar's insurance contract with UNIC.

■ Having held that UNIC is obligated to defend Dunbar in the five underlying lawsuits, suffice it to say that UNIC's duty to indemnify will, as the district court logically determined, depend upon the facts of each suit. Put simply, "[a] declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe for adjudication." *Maryland Casualty Co. v. Chicago & Northwestern Transp. Co.,* 126 Ill.App.3d 150, 81 Ill.Dec. 289, 293–94, 466 N.E.2d 1091, 1095–96 (1984). Even UNIC agrees that the duty to defend is broader than the duty to indemnify—where there is no duty to defend there cannot arise a duty to indemnify. *See Western Casualty & Surety Co. v. Western World Insurance Co.,* 769 F.2d 381, 386 (7th Cir.1985). Conversely, where there is a duty to defend, the duty to indemnify must await resolution of the underlying suits.

For the foregoing reasons, we AFFIRM the judgment of the district court.