JACQUELINE A. SCHWEIGHART, Plaintiff-Appellant, v. STANDARD MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fourth District   No. 4—91—0755

Opinion filed April 23, 1992.

John C. Taylor, of Champaign, for appellant.

Maurice W. Kepner, of Kepner & Kepner, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In August 1988, Timothy L. Schweighart, husband of plaintiff, Jacqueline A. Schweighart, was seriously injured in a motor vehicle accident. The driver of the other car involved in the accident was uninsured. Because Timothy was acting in the course of his employment when the accident occurred, he received over $123,000 in workers' compensation benefits. Plaintiff then brought an action for declaratory judgment against defendant, Standard Mutual Insurance Company (company), Timothy's insurer, asking the court to declare that the benefits paid to Timothy under defendant's uninsured motorist

coverage should not reduce any amount due her for her loss of consortium arising from Timothy's accident. The company responded that Timothy had already recovered the full per-person uninsured motorist limit under the policy, which was $100,000. The trial court ruled that plaintiff's loss of consortium claim was a derivative claim and granted defendant's motion for summary judgment. Plaintiff appeals.

This case presents the issue of whether a spouse's loss of consortium claim constitutes a separately compensable injury subject to its own per-person limits of an uninsured motorist policy or a derivative injury subject to the same per-person limits as the bodily injury underlying the loss of consortium claim. We hold that it is not a separately compensable injury and affirm.

Timothy's insurance policy with the company limited coverage for damages he is entitled to receive from an accident involving an uninsured motorist accident to $100,000. The policy also contained a clause stating that all awards received under workers' compensation would offset the amount of recovery under the policy. Timothy received over $123,000 in workers' compensation benefits for the injuries he sustained in the collision.

Jacqueline argues that because the purpose of uninsured motorist coverage is to put claimants in the position they would have been in if the uninsured motorist had carried insurance, the company should have paid her claim. Accordingly, she argues that she should receive compensation for her loss of consortium claim just as if the uninsured motorist had held insurance. The company argues that not only did her husband's workers' compensation award offset the entire coverage due him under the policy, it also offset coverage for any injury *derived from* the injuries to him, such as Jacqueline's claim for loss of consortium.

Part four of the policy, describing the coverage for injuries caused by uninsured motorists, states, in pertinent part, the following:

> "[The Company will] pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

Another section of part four describes the limits of liability for the uninsured motorist coverage as follows:

> "The limit of liability for uninsured motorist coverage stated in the declaration as applicable to 'each person' is the limit of

the company's liability for all damages, *including damages for care and loss of services*, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, *including damages for care and loss of services*, because of bodily injury sustained by two or more persons as the result of any one accident." (Emphasis added.)

A one-page addendum to the policy then sets the policy limits for uninsured motorist protection at $100,000 for each person and $300,000 for each occurrence.

The workers' compensation award that Timothy received exceeded the $100,000 policy limit for "each person" injured in a collision caused by an uninsured motorist, thus offsetting all the coverage for Timothy's injuries and exhausting the per-person policy limit for Timothy's injuries. The question plaintiff raises is whether her loss of consortium constitutes a separately compensable injury recoverable despite the per-person limits of Timothy's insurance policy with the company.

■■ The Illinois Supreme Court recently reemphasized that a loss of consortium claim is a derivative cause of action predicated on the claim of the directly injured spouse. (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1991), 143 Ill. 2d 188, 199, 572 N.E.2d 920, 926.) Since the early 1900s, Illinois courts have held that when an insurance company pays the entire "per person" limit for one spouse's direct injury, it bears no further liability for the other spouse's loss of consortium that derives from the direct injury. See *Ravenswood Hospital v. Maryland Casualty Co.* (1917), 280 Ill. 103, 109, 117 N.E. 485, 488 ("[The per-person limit] specifically limits [the insurance company's] liability to $5000 for injury or death to one person, irrespective of the number of persons who may make claim to damages on account of the injury to such person"); *Cross v. Country Cos.* (1989), 188 Ill. App. 3d 847, 850, 544 N.E.2d 1246, 1248 ("We find that the policy language of the instant case is similar to that in *Ravenswood Hospital* and conclude that the clear intent of the policy was to limit loss of consortium claims to the personally injured 'per person' maximum").

Professors Keeton and Widiss have also determined that loss of consortium does not constitute a separately compensable injury under most insurance policies:

"Most decisions in point have held that consortium damages and other consequential damages sustained by persons other than the individual who was physically injured are treated as part of the total that is subject to the limit of liability that applies when one person suffers a physical injury. This means, for example, that the combined amount paid by an insurer as a consequence of the separate claims of a wife and husband because of physical injury to one of them will not exceed the per-person limit of liability specified in the insurance policy." R. Keeton & A. Widiss, Insurance Law §5.9(b)(2), at 586 (Practitioner's ed. 1988).

The rule that loss of consortium claims ordinarily fall within the policy limits for the injury from which the loss of consortium claim derives hinges on the derivative nature of the loss of consortium claim. Because "per person" limits in insurance policies generally apply to all the injuries that result from a bodily injury to one person, and the loss of consortium claim results from the direct injuries to that same person (the plaintiff's spouse), the "per person" limits apply to both the claim by the physically injured spouse and the claim by the indirectly injured spouse who alleges loss of consortium. See *Creamer v. State Farm Mutual Automobile Insurance Co.* (1987), 161 Ill. App. 3d 223, 224, 514 N.E.2d 214, 216 ("Loss of consortium is a personal rather than a bodily injury and is generally included and subject to the policy limitations for bodily injury to one person"); *Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 402, 202 N.E.2d 73, 77 ("The term 'one person' contained [in insurance policy limits] has repeatedly been construed by the courts to mean 'one person injured' and that it applies to all damages sustained by all persons as the result of injury to one person; [courts] have rejected the contention that the 'one person' limit merely deals with the loss suffered by any one person"); *Oda v. Highway Insurance Co.* (1963), 44 Ill. App. 2d 235, 256, 194 N.E.2d 489, 500 (holding that when the insurance company paid the per-person limit under the policy on the judgment in favor of the injured party, there was no more coverage for claims arising from his injury, including his wife's claim for loss of consortium).

■■ Although the specific language of a particular insurance contract may require a loss of consortium *claim* to be treated independently (see, *e.g., Filip v. North River Insurance Co.* (1990), 201 Ill. App. 3d 351, 353-54, 559 N.E.2d 17, 19 (policy broadened the term "bodily injury" to include personal injury and each bodily injury was compensable); *Giardino v. Fierke* (1987), 160 Ill. App. 3d 648, 654, 513 N.E.2d 1168, 1172 (policy defined "bodily injury" to include

"sickness, disease, death or loss of services which result from it")), the language in the policy in this case is clear and consistent with the trial court's result. See *Cross*, 188 Ill. App. 3d at 850, 544 N.E.2d at 1248; *Creamer*, 161 Ill. App. 3d at 224-25, 514 N.E.2d at 216.

We hold that loss of consortium is a derivative claim to the direct injury that causes it, and that payment of the per-person insurance limits to an injured person precludes that person's spouse from recovering from the insurance company for loss of consortium or anyone else from recovering for any harm that the injured person's injury causes. Our holding does not restrict parties from contracting otherwise (see *Filip*, 201 Ill. App. 3d at 354-55, 559 N.E.2d at 19-20; *Giardino*, 160 Ill. App. 3d at 655, 513 N.E.2d at 1173), and we will enforce a contract that expressly recognizes that loss of consortium constitutes a separately compensable injury subject to a separate per-person limit than the injury from which it derives.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.