KAREN STEARNS *et al.*, Plaintiffs-Appellees, v. MILLERS MUTUAL IN-SURANCE ASSOCIATION OF ILLINOIS, Defendant-Appellant.

Fifth District    No. 5—95—0472

Opinion filed April 3, 1996.

Kevin J. Babb, of Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

David J. Kupets, of Rapoport & Kupets, of Rosemont, for appellees.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

Defendant, Millers Mutual Insurance Association of Illinois (Millers Mutual), appeals from the trial court's order denying its motion for judgment on the pleadings and granting plaintiffs' cross-motion for judgment on the pleadings. The motions arose from plaintiffs' complaint for declaratory judgment which sought a determination as to the extent of coverage provided to plaintiffs under an automobile insurance policy issued to plaintiff Karen Stearns by Millers Mutual. On appeal, we consider whether the trial court was correct in finding that the policy's "per occurrence" limitation of $300,000 applied to plaintiffs' claims, rather than the $100,000 "per person" limitation. We affirm the trial court.

## I. FACTS

Plaintiff, Karen Stearns, was covered under an automobile insurance policy issued by Millers Mutual. On May 14, 1994, while the policy was in effect, Karen's 14-year-old daughter, Melissa DeLache, was injured when she was riding as a passenger in an uninsured automobile. The parties agree that Melissa was covered as a "family member" under Karen's policy with Millers Mutual. On June 30, 1994, Melissa died from injuries sustained in the car accident. Besides her mother, Melissa is survived by her sister, plaintiff Jennifer De-Lache, who is also covered under the policy as a "family member."

The automobile insurance policy issued to Karen by Millers Mutual provided for uninsured-motorists coverage in the amounts of $100,000 per person and $300,000 per occurrence. After Melissa's death, Karen presented claims for medical bills for Melissa exceeding the $100,000-per-person limit of the policy. Millers Mutual tendered its $100,000-per-person limit and its $5,000 medical-bills limit. Plaintiffs rejected this tender, contending that they were entitled to separate recoveries up to the aggregate $300,000-per-occurrence limit, based on separate claims by the estate of Melissa DeLache and by each of the two plaintiffs, Melissa's mother and sister.

Under the uninsured-motorists provisions of the insurance policy issued to Karen, Millers Mutual agreed to:

"pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury':

    1. Sustained by an 'insured'; and

    2. Caused by an accident.

             \* \* \*

\*\*\* 'Insured' as used in this Part means:

    1. You or any 'family member.'

    2. Any other person 'occupying' 'your covered auto.'

    3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above."

In an amendment to their policy, Millers Mutual describes its limit of liability for uninsured-motorists coverage:

"The limit of liability shown in the Schedule or in the Declarations for each person for Uninsured Motorists Coverage [$100,000] is our maximum limit of liability for all damages including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorists Coverage [$300,000] is our maximum limit of liability for all damages for 'bodily injury' resulting from any one accident. This is the most we will pay regardless of the number of:

    1. 'Insured;'

    2. Claims made;

    3. Vehicles or premiums shown in the Declaration; or

    4. Vehicles involved in the accident."

Millers Mutual defines bodily injury in the policy as "bodily harm, sickness or disease, including death that results."

The parties briefed and argued their respective motions in the trial court. On May 26, 1995, the trial court granted plaintiffs' motion and denied defendant's motion. Relying upon this court's decision in *General Casualty Co. v. McCowan*, 221 Ill. App. 3d 96 (1991), the trial court found that the $300,000-per-accident limit applied to plaintiffs' claims, rather than the $100,000-per-person limit. Millers Mutual filed this timely appeal.

## II. ANALYSIS

Millers Mutual argues that the trial court improperly construed the contract of insurance contrary to a line of appellate court cases interpreting limitations on insurance coverage wherein the courts have restricted claimants' recoveries to the maximum per-person limit rather than the higher per-occurrence limit. See *Schweighart v.*

*Standard Mutual Insurance Co.*, 227 Ill. App. 3d 249 (1992); *Cross v. Country Cos.*, 188 Ill. App. 3d 847 (1989); *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill. App. 3d 223 (1987). Plaintiffs respond that the trial court correctly relied on this court's decision in *McCowan*, 221 Ill. App. 3d 96. Plaintiffs also contend that, in any event, the insurance policy is ambiguous and that public policy dictates that the policy be construed to provide plaintiffs with the per-occurrence limits of the policy rather than limit all of the separate claims to Melissa's individual $100,000 ceiling.

We agree with plaintiffs that none of the cases cited by Millers Mutual are controlling. We first consider plaintiffs' argument that the policy is ambiguous, for if it is ambiguous, we must rule in favor of the construction granting the greater amount of coverage. *Standard Mutual Insurance Co. v. General Casualty Cos.*, 171 Ill. App. 3d 758 (1988). In order to decide if an ambiguity exists, the court must review the contract of insurance as a whole, considering the factual context in which it was written. *Glidden v. Farmers Automobile Insurance Ass'n*, 57 Ill. 2d 330 (1974); *Gibbs v. Madison Mutual Insurance Co.*, 242 Ill. App. 3d 147 (1993). The insurance contract is to be construed as written, if unambiguous and not contrary to public policy. *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420 (1980). A clause in an insurance policy is ambiguous if it is subject to more than one reasonable interpretation. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64 (1991). All doubts and ambiguities must be resolved in favor of the insured. *Wilkin Insulation*, 144 Ill. 2d at 74. If two or more clauses within the policy conflict or are inconsistent, then the clause affording greater coverage will govern. *Standard Mutual Insurance Co.*, 171 Ill. App. 3d 758.

The insurance policy in this case suffers from a dual ambiguity: the limit-of-liability clause in the uninsured-motorists coverage is subject to more than one reasonable interpretation, and applying the interpretation advanced by Millers Mutual, that clause is inconsistent with the definition of an insured in the same section. It is clear that by amending the insurance policy with the limit-of-liability provision, Millers Mutual was attempting to do exactly that: limit its liability. When read in that context, it seems to imply that no matter who presents what claims, the $100,000 "each person" limit is the maximum payable when any one person suffers bodily injury in any one accident. Distilled to its essential words, the clause reads as follows:

> "The limit of liability *** for each person *** is our maximum limit of liability for all damages including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one accident."

Millers Mutual argues that this clause unambiguously limits its exposure to $100,000 for any one person injured in any one accident and that, in this case, Melissa is the only person who suffered bodily injury in an accident, so it is obliged to pay no more than $100,000. Millers Mutual does not deny that it covers the loss-of-consortium damages suffered by family members such as Karen and Jennifer, but it claims that these damages must be included within the $100,000 limit applicable to Melissa. In other words, according to the theory argued by Millers Mutual, if Melissa's damages amounted to only $20,000, Karen and Jennifer could potentially split the remaining $80,000 but have no right to anything beyond that limit.

The interpretation of this clause advocated by Millers Mutual is reasonable, but it is not the only reasonable interpretation. Another commonsense reading of the clause is that each person who is an insured and entitled to compensatory damages, including the damages for loss of consortium claimed by Karen and Jennifer, is entitled to the maximum limit of liability, or $100,000 each, not to exceed the total occurrence limit of $300,000. We reach this interpretation easily when viewing the policy according to the policyholder's intentions, to receive the most comprehensive coverage available in exchange for the money paid for the premiums. The language used by Millers Mutual readily lends itself to our interpretation: "each person" covered under the policy is entitled to the "limit of liability," $100,000, "for all" of his or her "damages," including damages for "loss of services" or consortium, "arising out of" bodily injuries "sustained by any one person in any one accident." Here, Karen and Jennifer are "each" persons covered under the policy. They each sustained "loss of services" or consortium damages "arising out of" the bodily injuries "sustained by any one person," Melissa, in "one accident."

In addition to taking a purely commonsense approach to reading this clause, we find that the remainder of the uninsured-motorists coverage of the policy supports our conclusion that this secondary or alternative interpretation is reasonable. As we have previously related, in the uninsured-motorists coverage section of the policy, Millers Mutual agreed to "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury' " which is sustained by an insured and caused by an accident. Millers Mutual does not deny that Karen and Jennifer each qualify as an "insured"; it does not deny that they are each entitled to compensatory damages "because of" the bodily injury sustained by another "insured," Melissa, in an accident. Thus, it is clear under the policy, and Millers Mutual

admits, that the claims of Karen and Jennifer are covered under this contract. The dispute is purely over whether the policy limits them to the amount assigned to Melissa's bodily injury, as it claims, or whether they are entitled to their own compensatory damages under the policy, as Karen and Jennifer claim.

The answer to this dispute is found in part B of the uninsured-motorists coverage, wherein Millers Mutual defines an "insured" in three separate definitions:

"1. You or any 'family member.'

2. Any other person 'occupying' 'your covered auto.'

3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above."

Under the first definition, the person who buys the policy and his or her family members are insured if injured in an accident in a covered automobile. Under the second definition, anyone who occupies a covered auto is an insured if injured in an accident while in that covered auto. Under the third definition, an insured is anyone who is entitled to recover damages because of the bodily injury sustained by the policyholder or his or her family members (definition number 1) or a person occupying the covered auto (definition number 2). Millers Mutual's theory is that these definitions cannot expand coverage beyond the $100,000 limit for each bodily injury, because the limit of liability restricts claims to no more than $100,000 per bodily injury.

The interpretation of this clause argued by Millers Mutual is reasonable, but again, it is not the only reasonable interpretation. Additionally, it is difficult to interpret the contract in the manner the insurance company suggests, unless the one reading the policy is schooled in insurance law. A logical approach to reading this clause leads to the reasonable conclusion that the uninsured-motorists coverage applies to three categories of "insured," (1) the policyholder and his or her family members, (2) those who are injured while occupying a covered auto, and (3) those who are entitled to compensatory damages for the injuries sustained by those in category (1) or (2). The difference in the interpretation is whether categories (1) and (2) are necessarily combined with category (3) when figuring who is entitled to damages "because of 'bodily injury.' "

Millers Mutual argues that the definition of "bodily injury" controls, in that the $100,000 limit restricts the insurance company's liability to those who suffer the bodily injury themselves and that those who are entitled to compensatory damages "because of" the bodily injury of another cannot claim an amount independent of the $100,000 available to the bodily injured party. We do not agree that a

logical and commonsense examination of the entire policy requires such an interpretation. Rather, it seems that one entering into this contract and paying the premiums for it could just as logically and reasonably interpret the contract to mean what it says: you are insured if you are entitled to compensatory damages "because of" the bodily injury of the policyholder, his or her family member, or someone injured in a covered auto, but you can collect only $100,000 as your limit of liability, and no matter how many people are involved and entitled to damages, Millers Mutual cannot be held liable for paying more than $300,000 per accident.

If Millers Mutual desires to sell uninsured-motorists coverage that limits its liability for consortium-type damages to the amount not paid on behalf of the person who sustains the bodily injury, there is no public policy reason against such a limitation, but the policy should state the limitation in plain English so that its policyholders will clearly understand the limitation at the time they purchase the policy. If insurance companies use vague and nebulous language in order to sell policies of insurance, they must be cautious that the same language they use to restrict liability may be read more easily and reasonably to allow coverage.

Based upon our finding that the uninsured-motorists coverage of the policy is ambiguous, we affirm the ruling of the trial court granting plaintiffs' motion for judgment on the pleadings. However, in order to fully clarify our decision, we explain why the cases Millers Mutual cites do not require us to reverse the trial court.

Millers Mutual argues that the case of *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill. App. 3d 223 (1987), "presents a fact situation remarkably close on point to this case." In *Creamer*, the third district considered an issue similar to that presented in this case, whether the uninsured-motorists coverage of the policy in question provided coverage for the policyholder's loss of consortium above the limit applied to the person who received the bodily injury. The court determined that the policy was unambiguous and that it did not allow coverage for consortium damages above the "per person" limit which was restricted to the person who suffered the bodily injury.

*Creamer* is distinguishable in that it did not find the policy it construed to be ambiguous. The question of whether any contract, including a policy of insurance, is ambiguous is a matter of law for the court to decide based upon the terms of the contract presented in that case. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992). *Creamer* does not control the case presented to us because the terms of the policy considered therein are not the

same as the terms we consider in this case, with the exception that the policy contained a similar definition of bodily injury. We do not base our holding upon the definition of bodily injury but upon other provisions in the uninsured-motorists-coverage section, specifically, the limit-of-liability amendment, the definition of an insured, and the agreement of Millers Mutual to pay compensatory damages "because of 'bodily injury.' " Therefore, *Creamer* does not apply.

Additionally, the court in *Creamer* held that "[l]oss of consortium is a personal rather than a bodily injury and is generally included and subject to the policy limitations for bodily injury to one person," citing *Lepic v. Iowa Mutual Insurance Co.*, 402 N.W.2d 758 (Iowa 1987). *Creamer*, 161 Ill. App. 3d at 224. In contrast, the case relied upon by the trial court herein, *McCowan*, points out that, in Illinois, loss of consortium is recognized as a separate and distinct claim, capable of supporting separate and independent liability by an insurance company, if the policy does not otherwise limit that liability. *McCowan*, 221 Ill. App. 3d at 100.

Millers Mutual argues that the definition of bodily injury in *McCowan* was broader than the definition in our case, but we do not find that distinction controlling. As we have already explained, we do not base our decision upon the policy's definition of bodily injury, but upon the ambiguous and conflicting terms in the uninsured-motorists coverage of the policy. Millers Mutual cites two additional cases on this issue, *Schweighart*, 227 Ill. App. 3d 249, and *Cross*, 188 Ill. App. 3d 847. However, their argument is the same for both of these cases as it was for *Creamer*, and our response is the same, that neither *Schweighart* nor *Cross* applies to the case at bar because neither considered the same provisions we find ambiguous in this case. To the extent that *Schweighart*, *Cross*, or *Creamer* can be read to limit recovery of loss-of-consortium claims under any uninsured-motorists insurance policy with similarly narrow definitions of bodily injury, we decline to follow it, as the Illinois Supreme Court has decisively ruled that loss-of-consortium claims are separate and distinct from the physical injury that spawned them. See *Page v. Hibbard*, 119 Ill. 2d 41 (1987).

Having resolved this case based upon the ambiguity of the insurance policy, we need not address plaintiffs' argument that the public policy of this State mandates uninsured-motorists coverage up to the "per occurrence" limit for Karen and Jennifer. However, we point out that the law is clear that insurance companies can limit their loss-of-consortium damages, as they did in *Schweighart*, *Cross*, and *Creamer*. However, that limitation must be unambiguous, or the ambiguity will be resolved in favor of coverage. *Wilkin Insulation*, 144 Ill. 2d at 74.

For all of the reasons stated, we affirm the order of the trial court.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.