December 17, 1998

NO. 4-98-0151

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

ECONOMY PREFERRED INSURANCE COMPANY,

Plaintiff-Appellee,

v.

NANCY INGOLD and HERBERT INGOLD,

Defendants-Appellants.

)

)

)

)

)

)

)

)

Appeal from

Circuit court of

McLean County

97MR6

Honorable

Ronald C. Dozier,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1997, plaintiff, Economy Preferred Insurance Company (Insurance Company), brought a declaratory judgment action against defen­dants, Nancy Ingold and Herbert Ingold.  The Insurance Company sought a decla­ration that the per-person cover­

age limit of $100,000, contained in an automobile insurance contract between the par­ties, applied both to Nancy's claim for person­al inju­ries caused by an unin­sured motor­ist and to Herbert's claim for loss of consortium resulting from Nancy's inju­ries.  In February 1998, the trial court entered summary judgment in favor of the Insur­ance Company.  The Ingolds appeal, claiming only that the court erred by grant­ing summary judgment.  We affirm.

I. BACKGROUND

The following facts are undisputed.  In May 1996, Nancy was injured in an automobile acci­dent involving an unin­sured motorist.  At that time, the Ingolds were covered by the Insur­

ance Company under an automo­bile insur­ance policy, which includ­ed cover­age for injuries caused by uninsured motor­ists.  However, that coverage was subject to liabil­i­ty limits of $100,000 per person and $300,000 per acci­dent.

The Ingolds sought payment from the Insurance Company for (1) Nancy's personal injuries; and (2) Herbert's loss of consortium resulting from Nancy's injuries, pursuant to the uninsured motor­ist coverage of the insurance policy.  The Insur­

ance Company offered to make a single payment to the Ingolds of the per-person policy limit of $100,000.  The Ingolds de­clined this offer because they contended that Herbert's loss of consor­

tium claim was a separate claim, subject to a sepa­rate payment up to the $100,000 limit.

In January 1997, the Insurance Company filed this declar­a­to­ry judgment action, and in September 1997, it moved for summary judgment.  In February 1998, following a hearing, the trial court entered summary judgment for the Insur­ance Company, con­cluding that "the personal injury claim of [Nancy] and the loss of consortium claim of [Herbert] are both included in the 'per[-]person' limit of liability."

This appeal followed.

II. ANALYSIS

We review a trial court's construction of an insurance policy contract 
de novo.  State Farm Mutual Automobile Insurance Co. v. Villicana, 
181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998).

The Ingolds contend that the insurance policy's provi­sion describing the per-person limit of coverage is ambigu­ous.  Specifically, they claim that the language of that provi­sion is subject to more than one reasonable interpretation, including their interpretation that Herbert may receive payment up to the per-person limit, regardless of the amount Nancy receives for her person­al injuries.  Accordingly, they urge this court to apply the rule of insur­ance policy con­struction that terms subject to more than one reason­able interpre­tation should be con­strued in favor of the in­sured (
Hall v. Burger, 
277 Ill. App. 3d 757, 761, 660 N.E.2d 1328, 1331 (1996)).  Howev­er, because we con­clude that the terms of the insur­ance policy at issue are clear and unam­

biguous, we apply them as written and affirm the trial court.  See 
State Farm, 
181 Ill. 2d at 441-42, 692 N.E.2d at 1199 ("We will apply [insur­ance policy] terms as written unless such application contravenes public policy").

The relevant portion of the policy provision describing the per-person limit of coverage reads as follows:

"The limit of liability shown in the [d]eclarations for each person for [u]ninsured *** [m]otorists [c]overage for bodily injury is our maxi­mum limit of liabil­

ity for 
all damages, in­cluding damages for 
care, 
loss of services 
or death, 
arising out of bodily 
injury
 sustained by any one person 
in any one accident."  (Emphasis added; bold­face denotes em­pha­sis in original.)

This language is unambiguous.  It clearly states that the per-

person limit of liability applies to "all damag­es"--"
including damages for 
*** 
loss of services"--arising 
out of an individual person's bodily injury.  (Emphasis added.)

Nonetheless, the Ingolds propose an alternative inter­

pre­tation.  Specifically, they claim that the phrase "sus­tained by any one per­son" modifies the word "damages" rather than modifying the phrase immediately preceding it, "bodily injury."  Thus, the Ingolds read the quoted language as stating that the per-person limit applies to "all damages *** sustained by any one person."  Such a reading would only make sense if the words "sustained by any one person in any one accident" were moved so that they immediately followed the word "damag­es."  We have previ­ously noted that "[c]ourts should not distort language [of an insurance policy] to reach a desired result."  
Hall, 
277 Ill. App. 3d at 761, 660 N.E.2d at 1331.  We decline the Ingolds' invitation to do so now.

The Ingolds also point out that the fifth district has interpreted language from a similar contract to be ambiguous. 
Stearns v. Millers Mutual Insurance Ass'n, 
278 Ill. App. 3d 893, 896, 663 N.E.2d 517, 520 (1996).  However, the 
Stearns 
court reached its conclusion only by editing the language of the insurance contract to remove all of the language surround­ing the phrase "for each person."  
Stearns,  
278 Ill. App. 3d at 896, 663 N.E.2d at 520.  The court then concluded that the phrase "for each person," 
in isolation, 
created an ambiguity because it implied that "each person" is entitled to a separate claim up to the per-person limit.  
Stearns, 
278 Ill. App. 3d at 897, 660 N.E.2d at 520.

We refuse to similarly parse the language of the policy at issue in this case.  Insurance policy provisions should be read in context, not in isolation.  
Hall, 
277 Ill. App. 3d at 761, 660 N.E.2d at 1331.  The insur­ance policy before this court refers to "[t]he limit of liabili­ty shown in the [d]eclarations for each person for [u]ninsured *** [m]otorists [c]overage for bodily injury."  The phrase "for each person," 
in context, 
unambiguously refers to the section of the policy's decla­ration page bearing the label, "COVERAGES: *** BODILY INJURY $100,000 EACH PERSON." 

Finally, we note that the Ingolds urge us to abandon our decision in 
Schweighart v. Standard Mutual Insurance Co., 
227 Ill. App. 3d 249, 252-53, 591 N.E.2d 121, 123-24 (1992).  In 
Schweighart, 
we concluded that loss of consor­tium claims are derivative claims, and absent contrac­tual terms to the con­trary, payment of the per-person insurance limits to the injured party precludes recovery by the injured person's spouse for loss of consortium under the same insurance policy.  
Schweighart, 
227 Ill. App. 3d at 253, 591 N.E.2d at 124.  We decline to change our conclusion in 
Schweighart.

Thus, applying the terms of the insurance policy as written, we conclude that Nancy's claim for person­al inju­ries and Herbert's claim for loss of consortium are both included in the insurance policy's per-person liability limit of $100,000.  Accordingly, we hold that the trial court did not err by granting summary judgment in the Insurance Company's favor.  

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and McCULLOUGH, JJ., concur.