Dewey Stanley KEENE,
et al., Plaintiffs,

v.

TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,
Defendant.

No. 1:99CV00129.

United States District Court,
W.D. Virginia,
Abingdon Division.

Nov. 10, 1999.

Carl E. McAfee, Timothy Worth McAfee, McAfee Law Firm, P.C., Norton, VA, for Plaintiffs.

Howard Chowning McElroy, White Bundy, McElroy & Hodges, Abingdon, VA, for Defendant.

## OPINION

JONES, District Judge.

In this declaratory judgment action arising under Virginia law, two questions are presented as to the proper interpretation of an uninsured motorists insurance policy. I find that (1) the policy limits may not be stacked on the basis that multiple vehicles are insured under the policy; and (2) the per person policy limit applies to both the claim of parents for the medical expenses of their minor child who died as a result of injuries suffered in an automobile accident as well as the claim for wrongful death of the child.

## I. FACTS.

Matthew Todd Keene, the minor child of Dewey Stanley Keene and Dolores Keene, was in an automobile accident on September 12, 1998, in Buchanan County, Virginia. He died on September 19, 1998, as result of injuries suffered in the accident. His mother was thereafter appointed the administrator of his estate and filed a wrongful death action in this court against Stevie Joe Yates, the operator of another car involved in the accident. In addition, Mr. and Mrs. Keene filed a separate action in this court in their own right against Yates for medical expenses incurred by them on behalf of their son.

At the time of the accident, Travelers Insurance Company of Illinois ("Travelers") had issued an automobile liability insurance policy to Mr. Keene, which policy contained, as required by Virginia law,[1] protection against uninsured motorists. Since Yates was uninsured, the suits brought by the Keenes were served on Travelers, in order to obtain recovery under the uninsured motorists endorsement of the policy.

Thereafter, prior to resolution of the accident cases, the Keenes filed the present declaratory judgment action against Travelers, seeking a declaration by the court of the dollar amount of coverage available under the circumstances.[2] The parties have filed cross motions for summary judgment based on the undisputed facts. Those motions have been briefed and argued and are ripe for decision.

## II. ANALYSIS.

### A. STACKING POLICY LIMITS.

■ The insurance policy in question contains a bodily injury limit of liability of uninsured motorists coverage of "$100,000 Each Person/$300,000 Each Accident."[3] The Keenes first argue that the coverage limits are tripled because there were three separate vehicles insured under the policy, for which separate premiums were paid.[4]

The policy, in relevant part, provides as follows:

The Company will pay in accordance with Section 38.2–2206 of the Code of Virginia and all Acts amendatory thereof or supplementary thereto, all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle.

PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured motor vehicle; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

The insurance applies separately with respect to each insured, except with respect to the limits of the Company's liability.

\* \* \* \* \* \*

---

1. *See* Va.Code Ann. § 38.2–2206 (Michie 1999).

2. Jurisdiction of this court exists because of diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp.1999).

3. The parties are agreed as to the language of the policy, including the declarations.

4. The declarations page of the policy indicates that a premium of $45 was paid for a six month policy term for uninsured motorists bodily injury coverage for the 1992 Nissan which was being operated by Matthew at the time of the accident, and $40 each for two other vehicles identified.

(a) "bodily injury" means bodily injury, sickness or disease, including death, sustained by a person who is an insured under (a) or (b) of the Persons Insured provision;

\* \* \* \* \* \*

Regardless of the number of (1) persons or organizations who are insureds under this insurance, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) motor vehicles to which this insurance applies, the limit for Part III—Protection Against Uninsured Motorists is as follows:

(a) If the schedule or declarations indicates split limits of liability, the limit of liability for bodily injury stated as applicable to "each person" is the limit of The Company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each person" the limit of liability for bodily injury stated as applicable to "each accident", is the total limit of The Company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident. . . .

This issue is controlled by *Goodville Mutual Casualty Co. v. Borror,* 221 Va. 967, 275 S.E.2d 625 (1981).[5] There the Virginia Supreme Court held that nearly identical language was "clear and unambiguous and requires the construction that stacking is not permissible." *Id.* at 628, 275 S.E.2d 625.

The case cited by the Keenes, *USAA Casualty Insurance Co. v. Alexander,* 248 Va. 185, 445 S.E.2d 145 (1994), is inapplicable, since it involved different policy language. There, the question was whether the underinsured motorists coverage from three different policies should be stacked to determine if the tortfeasor's vehicle was in fact "underinsured" as defined by the Virginia insurance code. The court found that the plain language of the Virginia underinsured motorists statute required such stacking. *Id.* at 148–49.[6] No such statutory language is applicable to this case.

## B. PARENTS' CLAIM.

■ The second issue presented is whether the claim for medical expenses incurred by the parents of Matthew as a result of the accident is limited by the $100,000 per person coverage of the uninsured motorists bodily injury endorsement, or only by the $300,000 per occurrence limitation.[7] There is no Virginia decision

---

5. The parties agree that Virginia law applies since the insurance contract was made in Virginia. *See Asbestos Removal Corp. of America, Inc. v. Guaranty Nat'l Ins. Co.,* 846 F.Supp. 33, 34 (E.D.Va.1994), *aff'd,* 48 F.3d 1215 (4th Cir.1995).

6. In *Alexander,* the tortfeasor had liability insurance coverage of $50,000, and two of the three separate underinsured motorists policies applicable to the victim had limits equal or below that amount, being $50,000 and $25,000 respectively. The victim had a third policy with a limit of $100,000. Thus, the insurance company argued that the victim was underinsured only by $50,000, the difference between the $100,000 underinsured policy and the $50,000 tortfeasor policy limits, rather than $125,000, the difference between $175,000, the total of all three policies, and

the $50,000 coverage applicable to the tortfeasor. *Id.* at 149.

7. In the motion for summary judgment filed by the Keenes, this issue is presented as to whether Travelers is obligated for these expenses under the "medical payments provisions" of the policy, but the Keenes' memorandum in support of their motion, as well as oral argument, makes it clear that they are referring to the uninsured motorists endorsement. There is a separate medical payments provision in the policy, which requires the insurance company to pay up to $5,000 for medical expenses of any person occupying an insured vehicle who sustains bodily injury in an accident. That obligation is not involved here, and payment thereunder is not precluded by my decision in this case. In their suit, the Keenes claim that Matthew's medical ex-

directly on point, and thus I must predict Virginia law. *See Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir.1999) (holding that court should consider "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions.").

 In Virginia, an insurance policy is to be considered like other contracts, with the governing principle to find the intent of the parties as shown by the ordinary and plain meaning of the words used by them. *See Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co.*, 240 Va. 457, 397 S.E.2d 876, 877 (1990). Where ambiguous, words are to be construed against the insurance company, the author of the insurance policy. *See Granite State Ins. Co. v. Bottoms*, 243 Va. 228, 415 S.E.2d 131, 134 (1992).

Other courts, in other states, have been faced with arguments similar to that made by the plaintiffs here, and while the cases largely depend upon the specific wording of individual insurance policies, the majority view has rejected the contention that bodily injury limits do not include a derivative claim such as the one made here. *See* Annotation, *Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person*, 13 A.L.R.3d 1228, 1234 (1967) ("Under policies fixing a maximum recovery for 'bodily' injury to one person, it has usually been held that the limitation was applicable to all claims of damages flowing from such bodily injury, and that therefore it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries.").

For example, in *Lepic v. Iowa Mutual Insurance Co.*, 402 N.W.2d 758 (Iowa 1987), the parents of a child injured by an uninsured motorist argued that the "each person" language similar to that used here was ambiguous because the words "sustained by one person" might modify the term "all damages" rather than "bodily injury." *Id.* at 761. In other words, the parents contended that the per person limitation only applied to damages sustained by one person and did not apply to damages sustained by more than one person that resulted from bodily injuries sustained by only one person.

For the reasons expressed by the court in *Lepic*, however, I hold that the usual and ordinary construction of the language in the policy is that the limit applies to all claims for damages resulting from bodily injury sustained by one person, regardless of who asserts the claims. It is a familiar tenet of construction that qualifying words such as "sustained by one person" should be interpreted to modify the immediately preceding phrase "bodily injury" rather than the remote word "damages." *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.33 (5th ed.1992).

Other courts have reached the same conclusion with similar policy language.[8] *See, e.g., Creamer v. State Farm Mut. Auto. Ins. Co.*, 161 Ill.App.3d 223, 112 Ill.Dec. 748, 514 N.E.2d 214, 215 (1987); *Saltzberg v. Lumbermens Mut. Cas. Co.*, 326 Mass. 351, 94 N.E.2d 269, 271 (1950); *Gaines v. Standard Accident Ins. Co.*, 32 So.2d 633, 638 (La.Ct.App.1947). *But see Stearns v. Millers Mut. Ins. Ass'n*, 278 Ill.App.3d 893, 215 Ill.Dec. 506, 663 N.E.2d 517, 521 (1996).

### III. CONCLUSION.

For the foregoing reasons, I must deny the plaintiffs' motion for summary judgment, grant the defendant's motion for summary judgment and declare that there is coverage in the amount of $100,000 un-

---

penses arising from the accident were $175,000.

**8.** Travelers also argues that the parents have no separate claim for the medical expenses

under Virginia law since the medical expenses are encompassed in the statutory wrongful death claim. In view of my construction of the policy, it is not necessary to reach this issue.

der Travelers' policy applicable to the claims by the Keenes.