Dewey Stanley KEENE and Delores
Keene, Plaintiffs,

v.

Stevie Joe YATES, Defendant.

No. 1:99CV00032.

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 3, 2000.

Carl E. McAfee, McAfee Law Firm,
P.C., Norton, VA, for plaintiffs.

Travelers Indemnity Co. of Illinois,
Howard C. McElroy, Bundy, McElroy &
Hodges, Abingdon, VA, for defendant.

**OPINION AND ORDER**

JONES, District Judge.

The question in this diversity case is
whether Virginia law permits the parents
of a deceased minor child to pursue a claim
for the child's medical expenses against
the tortfeasor, even though an action for
wrongful death of the child arising out of
the same accident is pending. I hold that
the action is not precluded and therefore
deny the pending motion for summary
judgment.

I

The plaintiffs' seventeen-year-old son,
Matthew Todd Keene, was involved in an
automobile accident in Buchanan County,
Virginia, on September 12, 1998. Matthew
died on September 19, 1998, from injuries
received in the accident. In this case, the
parents seek recovery of the medical ex-
penses resulting from Matthews' injuries.
The action is defended by Travelers In-
demnity Company of Illinois ("Travelers"),
the plaintiffs' uninsured motorists insurer.[1]

There is a companion case in this court
arising from the accident, also defended by
Travelers, filed by Mrs. Keene as her son's
administrator, seeking recovery under Vir-
ginia's wrongful death statute. In its
present motion for summary judgment,
Travelers contends that this case should
be dismissed on the ground that under the
circumstances the parents' cause of action

---

1. The alleged tortfeasor, Stevie Joe Yates, has
not answered or appeared. As permitted by
Virginia insurance law, Travelers, the unin-
sured motorists carrier, has answered in its
own name. *See* Va.Code Ann. § 38.2–2206(F)

(Michie 1999). Jurisdiction of this court ex-
ists pursuant to diversity of citizenship and
amount in controversy. *See* 28 U.S.C.A.
§ 1332(a) (West 1993 & Supp.1999).

for medical expenses is not viable. Travelers asserts that Matthews' medical expenses are recoverable only in the wrongful death action.

In an earlier ruling in a declaratory judgment action between the parties, I held that the "per claim" coverage limit of the uninsured motorists insurance policy, rather than the larger "per accident" limit, applied to both the wrongful death claim and the parents' derivative claim for medical expenses. *See Keene v. Travelers Indem. Co.*, 73 F.Supp.2d 638, 641 (W.D.Va. 1999).

## II

■ There are no disputed issues of fact as to the present motion and only questions of Virginia law. It is settled that in the case of injury to an unemancipated infant (such as Matthew) by wrongful act, two causes of action may arise. One is on behalf of the infant for damages for the injury itself and "the other is on behalf of the parent for loss of services during minority and necessary expenses incurred for the infant's treatment." *Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864, 866 (1961).

The parent's cause of action is established by common law, *see id.*, although the Virginia legislature has recognized the rule by statute and provided the procedure by which the two causes of action may be resolved together in a single trial. *See* Va.Code Ann. § 8.01–36 (Michie 1992).

In contrast, the common law knew no cause of action for wrongful death, and under the maximum *actio personalis moritur cum persona*, a tort claim for personal injury did not survive the victim. Virginia's wrongful death act was passed in 1871, modeled on Lord Campbell's Act (Fatal Accidents Act), 1846, 9 & 10 Vict. ch. 93 (Eng.), and in essence established a new right of action by which the decedent's personal representative could sue as trustee for certain statutory beneficiaries. *See Wilson v. Whittaker*, 207 Va. 1032, 154 S.E.2d 124, 127–28 (1967).

By virtue of the current version of the statute, the damages awarded in a wrongful death action shall include "[e]xpenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death." Va.Code Ann. § 8.01–52(3) (Michie 1992).

Travelers contends that since there is no pending action by the infant for personal injury, section 8.01–36 does not by its terms permit the parents' action for medical expenses. Moreover, Travelers points out that any medical expenses will be recoverable in the wrongful death action, thus obviating the need for a separate action by the parents for such expenses.

## III

■ Travelers bases its argument on the language of section 8.01–36, but I do not interpret that statute as requiring an action by the infant for personal injuries as a precondition to the parents' right of action for medical expenses. These separate and distinct causes of action exist as at common law, and the better reading of section 8.01–36 is that it provides a procedural rule whereby if the underlying action by the infant has been filed, the parents' claim may be asserted in that case or in a separate action in the same court. If a separate action is filed, the statute provides that the cases may be tried together, with separate verdicts "in the separate causes of action." Va.Code Ann. § 8.01–36.

Under Travelers' view of the statute, if for some reason no action was ever filed on behalf of the infant, the parents' cause of action for medical expenses would be lost. The Virginia legislature might have the power to accomplish such a result, but the purpose of its enactment would need to be clearly expressed.

Moreover, there is nothing in Virginia's wrongful death act that dictates a different result. Section 8.01–52(3) permits recovery in a wrongful death action for medical expenses "incident to the injury resulting

in death," but theoretically there may be expenses caused by the tortfeasor that were not incident to the injury resulting in death and thus lost if not recoverable by the parents.

While section 8.01–52 provides that the verdict or judgment "shall" include certain damages, including solace, loss of income provided by the decedent, medical expenses, funeral expenses, and punitive damages, a companion statute, Va.Code Ann. § 8.01–54 (Michie 1992), provides that any hospital, medical, and funeral expenses allocated by the verdict shall be paid by the personal representative before distribution of the balance to the statutory beneficiaries. Accordingly, if the parents are entitled to payment of hospital and medical expenses, the wrongful death statute clearly provides for that possibility.

The purpose of tort damages is compensation, and thus double recovery for medical expenses will not be permitted, even with the separate actions. Although no formal order of consolidation has yet been entered, the parties have anticipated that the present related cases will be tried together. *See* Fed.R.Civ.P. 42(a). By use of special interrogatories, the amount of medical expenses will be specifically determined in the jury's verdict and the final judgments in the cases, if in favor of the plaintiffs, will direct payment of such expenses to the parents.

In summary, I find no reason that the parents' suit cannot proceed.

### IV

For the foregoing reasons, it is **ORDERED** that the motion for summary judgment (Doc. No. 14) is denied.