**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210525-U

Order filed May 24, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| MIC GENERAL INSURANCE COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff/Counter Defendant-Appellant/ | ) | Grundy County, Illinois, |
| Cross-Appellee | ) | |
| | ) | Appeal No. 3-21-0525 |
| v. | ) | Circuit No. 20-MR-129 |
| | ) | |
| PENNY HEXDALL and BRAD HEXDALL, | ) | Honorable |
| | ) | Lance R. Peterson, |
| Defendants/Counter Plaintiffs | ) | Judge, Presiding. |
| | ) | |
| (Penny Hexdall, | ) | |
| Defendant/Counter Plaintiff-Appellee/ | ) | |
| Cross Appellant, | ) | |
| | ) | |
| Brad Hexdall | ) | |
| Defendant/Counter Plaintiff/ | ) | |
| Cross-Appellant). | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MIC GENERAL INSURANCE | ) | |
| CORPORATION, NATIONAL GENERAL | ) | |
| INSURANCE COPMANY, NATIONAL | ) | |
| GENERAL PREMIER INSURANCE, and | ) | |
| MOUNTAIN VALLEY INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Counter Defendants. | ) | |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

## ORDER

¶ 1    *Held*:    The circuit court properly upheld the exclusion in the underinsured motorist policy issued by the plaintiff barring defendant husband's personal injury claim resulting from the use of an undeclared owned vehicle but erred when it refused to apply the exclusion to the loss of consortium claim of the defendant spouse.

¶ 2    Plaintiff MIC General Insurance Corporation (MIC) appeals the judgment of the Grundy County circuit court finding in favor of defendants Bradley and Penny Hexdall in Penny's loss of consortium claim, arguing that her claim cannot survive without the underlying bodily injury claim. The Hexdalls cross-appeal, arguing that the court erred in finding in favor of MIC on Brad's bodily injury claim. We affirm in part and reverse in part.

¶ 3                                  I. BACKGROUND

¶ 4    On June 18, 2019, while operating his 2013 Harley-Davidson motorcycle, Brad was involved in a motor vehicle collision with a 1986 Ford F150 pickup truck that was owned and operated by Robert Baggett. Baggett was insured by State Farm Mutual Automobile Insurance Company (State Farm) with $100,000 bodily injury liability limits. At the time of the accident, Brad's primary insurer was Progressive Insurance Company. He also had an insurance policy with MIC.

¶ 5    Prior to the accident, MIC issued a personal automobile policy to Brad and Penny with a policy period of April 15, 2019, to April 15, 2020. The policy indicated liability limits of $500,000 for each occurrence. The policy included an endorsement to provide coverage for uninsured and underinsured motorist bodily injury claims.

¶ 6     On the declaration page of the policy, the "covered vehicles" were listed as a 2014 Cadillac SRX and a 2012 Dodge Ram 1500. Brad's motorcycle was not listed as a "covered vehicle." It was instead listed as a covered vehicle in the separate insurance policy with Progressive Insurance Company, with limits of $100,000 for bodily injury and for underinsured motorist benefits.

¶ 7     MIC's policy defined a "covered auto" as: (1) any vehicle shown on the declarations page, (2) a newly acquired vehicle, (3) "any trailer you own," or (4) a substitute vehicle. "Bodily injury" was defined as "bodily harm, sickness or disease, including death that results from such bodily injury."

¶ 8     The provision of the policy relating to underinsured motorists provided, in pertinent part:

> "B. INSURING AGREEMENT – UNDERINSURED MOTORIST BODILY INJURY COVERAGE
>
> Subject to the limit of liability, if Underinsured Motorist Bodily Injury Coverage is shown on the Declarations Page, we will pay compensatory damages for which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:
>
> 1. Sustained by an insured;
>
> 2. Caused by an accident; and
>
> 3. Arising out of the ownership, maintenance or use of an underinsured motor vehicle.
>
> * * *
>
> EXCLUSIONS

A. We do not provide coverage under this [policy] for bodily injury sustained by any insured:

* * *

10. Who is an insured while occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage under this policy."

¶ 9    Brad and Penny filed a claim against State Farm and Baggett alleging negligence for Brad's bodily injuries and a loss of consortium claim for Penny. State Farm paid $100,000 to Brad and Penny jointly. Thereafter, Brad and Penny made an underinsured motorist (UIM) claim against MIC. MIC filed a declaratory judgment action seeking a finding that there was no applicable UIM coverage for either Brad's or Penny's claim and requesting that the arbitration proceedings be stayed pending the resolution of this coverage dispute. In response, Brad and Penny filed a counterclaim for declaratory judgment raising various defenses to MIC's denial of coverage.

¶ 10    Each party moved for a judgment on the pleadings. After a hearing, the circuit court issued a written decision on August 27, 2021. It concluded that Exclusion 10 barred Brad's UIM claim for bodily injury; therefore, the court granted MIC's motion because it owed no UIM coverage related to Brad's bodily injury claim. As for Penny's loss of consortium claim, however, the court found that Exclusion 10 did not apply because Penny was not claiming injury as an occupant of the motorcycle. The circuit court noted in its order that even though loss of consortium claims are "related" to spousal personal injury claims, they are "a separate and 'independent action' brought by the spouse for 'injuries she suffered in her own right.' " The court thus found in favor of Brad and Penny for Penny's loss of consortium claim.

¶ 11    MIC General appealed. Brad and Penny cross-appealed.

¶ 12                                    II. ANALYSIS

¶ 13        MIC argues on appeal that the circuit court erred when it found in favor of the Hexdalls'

regarding Penny's loss of consortium claim, because Penny's claim cannot exist without Brad's

claim for injury. Brad and Penny have cross-appealed, arguing that the exclusion applied in their

UIM policy is unenforceable per the Insurance Code (215 ILCS 5/143a-2 (West 2018)), thus the

circuit court erred in finding that Brad's claim was excluded from the policy.

¶ 14        We review a court's construction of an insurance policy contract *de novo*. *State Farm*

*Mutual Automobile Insurance Co. v. Villiacana*, 181 Ill. 2d 436, 441 (1998). The rules of

construction for interpreting contracts are also applicable to insurance policies. *Goldstein v.*

*Grinnell Select Ins. Co.*, 2016 IL App (1st) 140317, ¶ 13. Our primary objective is to ascertain

and give effect to the parties' intentions as indicated in the language of the policy. *Id.*

Unambiguous terms in the policy are to be given their plain and ordinary meaning. *Id.* If the

terms of the insurance policy are clear and unambiguous, we will apply them as written unless

such application is against public policy. *State Farm*, 181 Ill. 2d at 441-42.

¶ 15                            A. Brad's UIM Bodily Injury Claim

¶ 16        In their cross-appeal, the Hexdalls argue that the owned-vehicle exclusion in their

policy's underinsured-motorist provision is unenforceable under section 143a-2 of the Insurance

Code. 215 ILCS 5/143a-2 (West 2018). Prior to 1995, owned-vehicle exclusions in automobile

liability policies were considered unenforceable. See *Goldstein*, 2016 IL App (1st) 140317 ¶ 18.

However, in 1995, the legislature amended section 143a of the Insurance Code to specifically

include this exclusion as it pertained to uninsured motor vehicle coverage, but the legislature did

not amend section 143a-2, which references underinsured coverage. See 215 ILCS 5/143a, 143a-

2. Because of this amendment, the Hexdalls maintain that the exclusion is unenforceable in the

context of underinsured-motorist coverage. Further, the Hexdalls contend that the circuit court's reliance on *Goldstein*, 2016 IL App (1st) 140317, which held that an owned-vehicle exclusion is enforceable as it applies to underinsured-motorist coverage, was incorrect.

¶ 17    We reject the Hexdalls' argument that we should not apply the reasoning set forth in *Goldstein*. Under Illinois law, uninsured-motorist coverage and underinsured-motorist coverage are linked. In fact, section 143a-2 is titled as "additional uninsured motor vehicle coverage." 215 ILCS 5/143a-2 (West 2018). Moreover, "sections of the same statute should be considered to be *in pari materia*," and we must interpret each section keeping in mind every other section in the statute. *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992). Based on the construction of the statute, underinsured-motorist coverage is clearly categorized as a subset of uninsured-motorist coverage. When interpreting section 143a-2 as it applies to the statute as a whole, the owned-vehicle exclusion in section 143a must also apply to underinsured-motorist coverage. We also recognize that the decision in *Goldstein* furthers the logical purpose that uninsured and underinsured coverage must be similar so as to avoid the "absurdity of a situation where [the] policyholder would receive fewer benefits in the fortuitous event of being injured by an underinsured rather than by an uninsured driver." *Sulser*, 147 Ill. 2d at 557. We therefore find that Exclusion 10 is an enforceable provision of the UIM policy.

¶ 18    Brad's motorcycle was not a "covered vehicle" per the terms of the UIM policy. Further, under Exclusion 10, no coverage is offered for any bodily injury sustained by Brad if such injury occurred "while occupying *** any motor vehicle owned by [Brad or Penny] which is not insured for this coverage under this policy." Thus, the exclusion applies in Brad's situation, and the circuit court did not err in granting MIC General's motion for judgment on the pleadings in relation to Brad's UIM bodily injury claim.

¶ 19                          B. Penny's Loss of Consortium Claim

¶ 20          MIC on appeal argues that the circuit court erred in finding that Penny's loss of

consortium claim can survive while Brad's claim is excluded. Specifically, MIC contends that

Penny's claim cannot exist without Brad's claim of bodily injury and must also be barred under

Exclusion 10.

¶ 21          The circuit court allowed Penny's loss of consortium claim to proceed because it found

that Exclusion 10 specifically excluded an insured who was operating or occupying a motor

vehicle not covered by the policy. Penny was not occupying the motorcycle when the accident

occurred, thus the court reasoned that the exclusion did not apply to her.

¶ 22          The scope of coverage under the Hexdalls' underinsured motorist bodily injury policy

provides that MIC will "pay compensatory damages for which an insured is legally entitled to

recover from the owner or operator of an uninsured motor vehicle because of bodily injury."

Under the policy, "bodily injury" means "bodily harm, sickness or disease, including death that

results from such bodily injury." Importantly, loss of consortium is a personal injury, not a

bodily injury. *Schweighart v. Standard Mutual Insurance Co.*, 227 Ill. App. 3d 249, 252 (1992)

(citing *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill. App. 3d at 224-25

(1987)).

¶ 23          The Hexdalls argue that the policy still applies because it provides coverage for claims

that arise "because of bodily injury," and Penny's loss of consortium claim arose "because of"

Brad's bodily injury. While a policy may contain specific language to treat loss of consortium as

a separate claim, which is not the case here, it is still derivative to the direct injury that causes it,

as it relies on the existence of another injury. *Id.* at 253. We have already determined that Brad is

excluded from recovery, and a derivative claim cannot recover under a policy where the injured

7

party cannot recover. See *State Farm Mutual Automobile Insurance Co. v. George*, 32 Ill. App. 3d 1065, 1068 (2002) (finding that a loss of society claim that was derivative of a bodily injury claim could not recover when the party who suffered the bodily injury could not recover). Thus, Penny's claim cannot exist outside of Brad's claim, as she must rely on Brad's injury, which is not covered by the policy. We therefore conclude that the circuit court erred in granting judgment in favor of the Hexdalls regarding this claim. Accordingly, we affirm the circuit court's judgment in favor of MIC regarding Brad's claim, and we reverse its judgment in favor of the Hexdalls regarding Penny's claim. We remand for further proceedings consistent with this decision.

¶ 24                                              III. CONCLUSION

¶ 25        The judgment of the circuit court of Grundy County is affirmed in part and reversed in part.

¶ 26        Affirmed in part; reversed in part.